## MATTER OF GARCIA-MEIJIDES

### In Deportation Proceedings

#### A-13402252
#### A-13423161-2

*Decided by Board February 16, 1967*

The determination as to whether an alien is entitled to classification as a refugee pursuant to the provisions of section 203(a)(7), Immigration and Nationality Act, as amended by P.L. 89-236, lies solely within the authority of the District Director (8 CFR 245.4), from which determination no appeal lies; and once the District Director has made such a determination, the special inquiry officer's consideration thereafter is properly directed only to the pertinent aspects of the application for adjustment of status to that of a permanent resident, as a matter of discretion.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251]—Nonimmigrant (temporary visitor for pleasure)—Remained longer (all aliens).

ON BEHALF OF RESPONDENT:
Ciro Malatrasi, Esquire
Calle Tetuan 200
Apartado 2245
San Juan, Puerto Rico 00903

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

On March 11, 1966, the District Director approved applications filed by the adult respondents for classification as refugees, pursuant to section 203(a)(7) of the Immigration and Nationality Act (8 U.S.C. 1153).

On April 11, 1966, the special inquiry officer, finding that it was not the Congressional intent to accord the respondents status as refugees, deemed it his obligation and duty to deny their applications for adjustment of status to that of permanent residents, as a matter of discretion, and did so. However, he did then grant their alternative requests for voluntary departure, with a provision for their deportation on the above-stated grounds in the event of their failure to so depart. He then certified the case to this Board for final decision.

On July 20, 1966, this Board remanded the case to the special in-

321-654—69——7

quiry officer for the purpose of affording him an opportunity to reconsider the respondents' applications for adjustment of status to that of permanent residents, on the merits. In so doing, we pointed out that the special inquiry officer lacked authority to review the respondents' applications for classification as refugees under section 203(a)(7) of the Immigration and Nationality Act.

Despite the foregoing decision of this Board, on remand the special inquiry officer again considered the question of whether the respondents were entitled to classification as refugees under section 203(a)(7) of the Immigration and Nationality Act, *per longem et latem*. On that occasion, however, it was his conclusion that they were entitled to such status. He also found that the respondents have established their eligibility for adjustment of their status to that of permanent residents, and he thereupon granted such relief. He then directed that the proceedings be terminated but certified the case to this Board for final decision.

These respondents constitute a family group consisting of a 50-year-old husband and his 34-year-old wife, both natives and citizens of Spain, and their 7-year-old son, a native and citizen of Cuba, who may also have a valid claim to Spanish nationality. All the respondents were last admitted to the United States as nonimmigrant temporary visitors for pleasure, the adult male on November 20, 1961, and the other two respondents on June 29, 1962. All the respondents were authorized to remain in the United States as visitors until July 17, 1964, and they were thereafter given the privilege of departing from this country without the institution of deportation proceedings on or before November 6, 1965. They have, however, remained in this country since that date without authority.

The foregoing establishes the deportability of the respondents, as charged. This has been conceded throughout the course of these proceedings and is unchallenged here. This aspect of the case, accordingly, needs no further discussion.

The special inquiry officer has already granted these respondents the privilege of voluntary departure. Suffice it to say, in this connection, that the record before us supports said official's action in this respect.

The special inquiry officer has also now granted the respondents' applications for adjustment of their status to that of permanent residents pursuant to section 245 of the Immigration and Nationality Act, as amended. His discursive opinion of December 2, 1966, contains rather meagre treatment of this aspect of their cases. However, our review of the record does support his action in this respect. Accordingly, his decision will be approved.

Before entering an order to that effect, however, brief comment is

required concerning the special inquiry officer's persistent efforts to review the District Director's decision to approve the respondents' applications for classification as refugees under section 203 (a) (7) of the Immigration and Nationality Act. As we previously pointed out, this is a matter which the regulations (8 CFR 245.4) place solely within the authority of the District Director, as follows:

* * * the determination as to whether an alien is entitled to the claimed preference status shall be made by the District Director; no appeal shall lie from his determination.

Once the District Director has exercised the authority delineated in the foregoing regulation in favor of an alien, the special inquiry officer's consideration thereafter is properly directed only to the requirements other than the availability of a quota number, including the question of whether the application for adjustment of the alien's status to that of a permanent resident should be granted, as a matter of discretion.

ORDER: It is ordered that the special inquiry officer's decision of December 2, 1966, granting the applications of these respondents for adjustment of their status to that of permanent residents, and further directing that the proceedings in their cases be terminated, be and the same is hereby affirmed.