MATTER OF SAGASTI

In Deportation Proceedings

A-19878199

*Decided by Board October 20, 1971*

Notification to an alien ordered deported of the right to apply for withholding of deportation pursuant to section 243(h) of the Immigration and Nationality Act, as amended, is required under 8 CFR 242.17(c) only with respect to the country or countries "specified" by the special inquiry officer; notification of such right is not compelled under 8 CFR 242.17(c) with respect to the country "designated" by the alien.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor—remained longer.

ON BEHALF OF RESPONDENT: Otto F. Swanson, Esquire
215 W. Fifth Street, Suite 910
Los Angeles, California 90013

This is an appeal from an order of a special inquiry officer dated August 20, 1971, denying respondent's motion to reopen the proceedings. A stay of deportation is no longer a matter of right on such an appeal, 8 CFR 3.6, as amended, 36 F.R. 316 (January 9, 1971). On September 2, 1971, we denied counsel's request for such a stay pending receipt of the record and adjudication of the appeal. The record on appeal has now been received. The appeal will be dismissed.

The respondent is a 47-year-old married male, a native and citizen of Spain, who was admitted to the United States as a nonimmigrant visitor on or about October 26, 1968 and has remained longer than permitted. At a joint deportation hearing with his wife [1] before a special inquiry officer on January 13, 1971, at which they waived counsel, respondent and his wife admitted the

---

[1] His wife, Sylvia Alvarez de Sagasti, subject of Service file A-20003925, is not a party to this appeal. The record reflects that she is a native and citizen of Chile.

factual allegations of the order to show cause and conceded deportability. Both applied for voluntary departure.

The respondent testified that he had lived in Spain the first fourteen years of his life, then had fled to France where he remained close to a year. He was given residence rights in Chile, where he had resided for approximately 30 years before entering the United States.

The special inquiry officer found both the respondent and his wife deportable and asked them to designate a country to which they desired to be sent if deportation should be required. Both designated Spain and the special inquiry officer stated that he would direct deportation to Spain if deportation should be required (Tr. p. 7). He entered an order granting then until July 13, 1971 to depart voluntarily, with an alternate order for deportation to Spain if they failed to depart. No alternate country of deportation was specified by the special inquiry officer. Appeal was waived and the order became final.

Respondent thereafter retained counsel, who on July 31, 1971 filed an unsupported motion to reopen. In it, he asserted that respondent "no longer has any ties, family or otherwise, in [Spain]"; that neither Spain nor Chile would be an appropriate country of deportation, since he is neither Fascist nor Communist; and that he would be subject to persecution if deported to either country. The motion concluded, "The respondent will present evidence in the form of oral testimony, affidavits and numerous newspaper articles to support his claim to such anticipated persecution." The Service opposed the motion, pointing out that both respondent and his wife had designated Spain at the deportation hearing and that neither had then asserted any claim of persecution if sent to that country. In the brief order before us on appeal, the special inquiry officer denied the motion for the reasons advanced by the Service.

The motion does not comply with the requirements of 8 CFR 242.22 and 103.5. It does not state the new facts to be proved at a reopened hearing and is unsupported by affidavits or other evidentiary material. The conclusory allegation that "persecution would result" is not sufficient. Neither is the generalized statement that the respondent will present evidence in the form of oral testimony, etc., at a reopened hearing. Insofar as Spain is concerned, insufficient facts have been offered to warrant reopening. The allegations with respect to Chile are not only insubstantial but irrelevant; that country has not been named even as an alternate destination.

In his brief on appeal, counsel raises an additional point not heretofore considered. He charges that the special inquiry officer did not comply with the provisions of the regulation requiring him to inform the respondent of the right to apply for withholding under section 243(h) of the Act. That regulation, 8 CFR 242.17(c), provides in pertinent part as follows:

The special inquiry officer shall notify the respondent that if he is finally ordered deported his deportation will in the first instance be directed pursuant to section 243(a) of the Act to the country designated by him and shall afford the respondent an opportunity then and there to make such designation. The special inquiry officer shall then specify and state for the record the country, or countries in the alternative, to which respondent's deportation will be directed pursuant to section 243(a) of the Act if the country of his designation will not accept him into its territory, or fails to furnish timely notice of acceptance, or the respondent declines to designate a country. *The respondent shall be advised that pursuant to section 243(h) of the Act he may apply for temporary withholding of deportation to the country or countries specified by the special inquiry officer and may be granted not more than ten days in which to submit his application.* . . . (Emphasis supplied.)

The statutory scheme, as implemented by the regulations, seems clear. The deportable alien is given the first choice. Both the statute, section 243(a), and the regulation quoted above give him the power to "designate" the country of deportation. If the alien Notification of the right to apply for section 243(h) withholding is required only with respect to the country or countries tion to alternate countries. The regulation authorizes the special inquiry officer to "specify" the alternate country or countries, which are obviously different from the one "designated" by the alien. Notification of the right to apply for section 243(h) withholding is required only with respect to the country or countries "specified" by the special inquiry officer. Notification of this right is not compelled with respect to the country "designated" by the alien; presumably, given the power of choice, a deportable alien would not choose a country where he fears he will be persecuted.

The better practice might be to ask the alien whether he fears persecution in any of the countries named, either as the first or alternate destination, regardless of whether the country is "designated" by the alien or "specified" by the special inquiry officer, and to advise him of his right to apply for section 243(h) withholding in any named country.[2] The regulations, however, do not require it. We find no basis, on this record, to conclude that the

---

[2] We note that some special inquiry officers have adopted this course. The practice is not uniform.

respondent has been prejudiced by failure of the special inquiry officer to give him this advice which the regulation does not require. The facts thus far presented do not make out even a *prima facie* showing that the respondent is likely to be persecuted in Spain within the meaning of section 243 (h).

**ORDER:** The appeal is dismissed.