MATTER OF WONG KAI YUK

In Exclusion Proceedings

A-15911813

*Decided by Board December 10, 1973*

The Board of Immigration Appeals has no jurisdiction to consider on appeal in exclusion proceedings a claim to refugee status under the 1967 Protocol Relating to the Status of Refugees.

EXCLUDABLE: Act of 1952—Section 212(a)(17) [8 U.S.C. 1182(a)(17)]—Deported and failed to obtain permission to reapply for admission.

Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant without an immigrant visa.

ON BEHALF OF APPLICANT:
Jules E. Coven, Esquire
Lebenkoff & Coven
One East 42nd Street
New York, New York 10017

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

The applicant is a native and citizen of China. He last arrived and sought admission to the United States on December 24, 1972. At the time of his latest arrival he was in possession of a nonimmigrant visa. He had previously been deported in August of 1969. The Service contends that the applicant is excludable for having failed to obtain the Attorney General's consent to reapply for admission, and is excludable as an immigrant not in possession of an immigrant visa.

The applicant has conceded that he falls within these two categories of excludable aliens. He nevertheless contends that he qualifies as a "refugee," as that term is defined in the 1951 United Nations Convention Relating to the Status of Refugees, which was adopted by the United States in the 1967 Protocol Relating to the Status of Regugees, TIAS 6577, 19 U.S. Treaties (Part 5, 1968) 6223. He thus maintains that he is entitled to remain in the United States. The immigration judge did not rule on this contention of the applicant, most probably because the issue does not appear to have been clearly raised below. Nevertheless, the applicant has

appealed the January 30, 1973 decision of the immigration judge on the ground that the immigration judge erred in not adjudicating the applicant's claim to refugee status. The appeal will be dismissed.

The applicant has raised questions regarding both the nature of his status in the United States and his contention that he should be permitted to remain here as a refugee. For us to rule on these questions we must first have jurisdiction to consider the claims. It is clear that we have jurisdiction to hear appeals in exclusion cases. 8 CFR 3.1(b)(1). However, the applicant's only contentions on appeal relate to his claim to refugee status.

Unless a refugee qualifies as a conditional entrant under section 203(a)(7) of the Immigration and Nationality Act, his legitimate presence in the United States normally will be predicated upon the parole powers contained in section 212(d)(5) of the Act. See *Matter of Pierre*, Interim Decision No. 2238 (BIA October 5, 1973). The power to determine whether an alien qualifies as a section 203(a)(7) refugee has not been granted to the Board. See 8 CFR 3.1 (b); *Matter of Garcia-Meijides*, 12 I. & N. Dec. 75 (BIA, 1967); *Matter of Pijaca*, 11 I. & N. Dec. 749 (BIA, 1966). Similarly, we have recently held that we do not have the authority in exclusion proceedings to parole an alien into the United States. *Matter of Conceiro*, Interim Decision No. 2183 (BIA, 1973), habeas corpus dismissed, *Conceiro v. Marks*, 360 F. Supp. 454 (S.D. N.Y., 1973); *Matter of Nestor*, Interim Decision No. 2217 (BIA, 1973).

The applicant however maintains that this Board and the immigration judge do have the authority to pass upon his claim to refugee status. He apparently argues that both our approach in resolving the questions presented in *Matter of Dunar*, Interim Decision No. 2192 (BIA, 1973), and the promulgation of recent regulations, substantially alter our earlier position regarding jurisdiction over refugee claims in exclusion cases.

*Dunar* dealt with a claim under the 1967 Protocol Relating to the Status of Refugees and with the effect of the Protocol on the Act. It is evidently the applicant's contention that the Protocol provides him with substantive rights, that *Dunar* represents an expansion of our authority in that we may now consider claims under the Protocol, and that for purposes of implementing the Protocol there is no functional difference between deportation and exclusion cases. In essence, the applicant maintains that the Protocol, and not the Act or the regulations, gives us the authority to adjudicate his claim.

This argument misses the point, however. Whether or not substantive rights have been extended to persons such as the applicant has little bearing on this tribunal's authority to enter-

tain cases or arguments arising outside our specified appellate jurisdiction. In *Dunar* we considered the effect of the Protocol on section 243(h) of the Act because 8 CFR 3.1(b)(2) specifically grants us the power to hear appeals from decisions rendered in deportation proceedings conducted under 8 CFR Part 242, and because 8 CFR 242.17(c) specifically authorizes immigration judges to determine claims under section 243(h). As we pointed out in *Matter of Conceiro, supra,* no similar grant of authority has been made with respect to parole determinations in exclusion cases. The applicant is not without a forum in which to raise his substantive contentions. We therefore adhere to what we said in *Matter of Conceiro, supra,* that the District Directors with their close knowledge of the facts and rapid access to additional information are best suited for the evaluation of parole applications in exclusion settings. This Board is not the proper tribunal to adjudicate a refugee claim presented through the vehicle of a parole request in an exclusion case.

Finally, we can perceive nothing in any of the new regulations promulgated as a result of the Protocol which would extend our jurisdiction to cover the applicant's situation. See 8 CFR Part 223a; 8 CFR 236.3(e). The new regulations concerning the issuance of refugee travel documents specifically provide for an adjudication by the District Director, with a right of appeal to the Regional Commissioner. 8 CFR 223a.4; 8 CFR 103.1(e)(12a). Moreover, any arguable jurisdiction which an immigration judge or this Board may have with respect to an alien who holds a valid refugee travel document could not extend to this case, because this applicant does not possess such a document. See 8 CFR 236.3(e); 8 CFR 3.1(b)(1).

Since the applicant has admitted that he falls within the classes of excludable aliens as alleged by the Service, and since we have no jurisdiction to consider his claim to refugee status, we find that the applicant is excludable as charged. Consequently, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.