MATTER OF GUIRAGOSSIAN

In Deportation Proceedings

A-14921306

*Decided by Board October 31, 1979*

(1) Notwithstanding the requirement of 8 C.F.R. 245.4 that an application for classification as a refugee pursuant to the proviso of section 203(a)(7) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(7), be submitted concurrently with an application for adjustment of status under section 245 of the Act, 8 U.S.C. 1255, applications for refugee classification lie within the exclusive jurisdiction of the District Director (8 C.F.R. 245.4) while adjustment applications may only be entertained by an immigration judge or the Board once deportation proceedings have been instituted (8 C.F.R. 245.2(a)(1)).

(2) Where an alien submits an application for seventh preference classification as a refugee in conjunction with an application for adjustment of status upon a motion to reopen the deportation proceedings and the District Director does not act upon the application for refugee status prior to its transmittal with the adjustment application to the immigration judge or the Board, the Board shall not consider the lack of approval of the application for refugee status to be a ground for denial of the motion unless clear ineligibility for the status claimed is apparent in the record; the "clear ineligibility" rule set forth in *Matter of Garcia*, 16 I&N Dec. 653 (BIA 1978), applies by analogy.

(3) Unless an applicant for adjustment of status appears clearly ineligible for the preference claimed in the underlying visa petition or application for classification as a refugee, the Board shall treat the pending petition or application as though it were already approved for the purpose of reopening. *Matter of Garcia, supra,* clarified.

(4) Where the respondent had resided and worked in West Germany for more than 12 years following his flight from Bulgaria and had returned to West Germany after a visit to the United States during that period, he had firmly resettled in West Germany and accordingly may not qualify for preference status under section 203(a)(7) as a refugee from Bulgaria.

(5) Where Bulgaria was not designated either as the principal or an alternate country of deportation, the likelihood that the respondent would be persecuted within the meaning of section 243(h) of the Act, 8 U.S.C. 1253(h), if required to return to Bulgaria is irrelevant.

(6) Notification of the right to apply for relief under section 243(h) is not required with respect to a country designated by the alien. 8 C.F.R. 242.17(c).

CHARGE:

Order:  Act of 1952—Sec. 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained longer

Interim Decision #2740

ON BEHALF OF RESPONDENT: Eric Avazian, Esquire
33 South Hope St., Suite 3710
Los Angeles, California 90071

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

This case is before us on appeal from the October 31, 1977, decision of an immigration judge which denied the respondent's motion to reopen the deportation proceedings for consideration of his application for adjustment of status under section 245 of the Immigration and Nationality Act, 8 U.S.C. 1255, based upon his claim of entitlement to seventh preference status as a refugee pursuant to the proviso to section 203(a)(7) of the Act, 8 U.S.C. 1153(a)(7). The appeal will be dismissed.

The respondent, a 52-year-old native of Bulgaria, claims to have fled his native country in September of 1960 following two incidents, the latest in 1960, of having been arrested and jailed for his anti-communist beliefs. The record reflects that the respondent resettled in West Germany where he resided until September 26, 1973,[1] when he was admitted to the United States as a nonimmigrant visitor for pleasure authorized to remain until May 1, 1974. He failed to depart within the authorized period or thereafter.

On April 6, 1977, an Order to Show Cause was issued charging the respondent with deportability as an overstay under section 241(a)(2) of the Act, 8 U.S.C. 1251(a)(2). At a deportation hearing conducted on May 26, 1977, an immigration judge found the respondent deportable as charged on the basis of his concessions at the hearing, granted him the privilege of voluntary departure in lieu of deportation, but ordered the respondent deported to West Germany, the country of deportation designated by him, in the event of his failure to depart voluntarily within the time specified. No appeal was taken from that decision.

On September 23, 1977, the respondent filed the present motion to reopen by submitting a Form I-485, Application for Status as a Permanent Resident,[2] accompanied by a Form I-590A, Application for Classification as a Refugee (under the proviso to Section 203(a)(7), Immigration and Nationality Act as amended). The immigration judge denied the motion, concluding that the respondent could not establish eligibility for a visa, and hence for adjustment of status,[3] since his

---

[1] According to information provided by the respondent, he was employed by a firm in Munich, West Germany, from March of 1961 until September of 1973. See Form G-325A.

[2] The filing of an application for adjustment of status (Form I-485) may be considered a motion to reopen. 8 C.F.R. 242.22.

[3] In order to qualify for adjustment of status under section 245, an alien must apply for adjustment, establish that he is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and that an immigrant visa is immedi

application for classification as a refugee had not been approved. We concur with the result reached by the immigration judge for reasons other than that cited by him.

The Code of Federal Regulations, 8 C.F.R. 245.4, directs an applicant for adjustment of status based upon a claim to refugee status under the proviso to section 203(a)(7) of the Act to execute and attach to his adjustment application (Form I-485) an application for classification as a refugee (Form I-590A).⁴ The foregoing regulation further provides that the determination as to whether an alien is entitled to the claimed refugee status shall be made by the District Director and that no appeal shall lie from his decision. The immigration judge and the Board are without authority to consider applications for classification as a refugee either initially or upon review. *Matter of Garcia-Meijides,* 12 I&N Dec. 75 (BIA 1967). However, once an Order to Show Cause has been issued, an application for adjustment of status may not be entertained by the District Director but can only be considered by an immigration judge in the course of the deportation hearing or by the Board on appeal. *See* 8 C.F.R. 245.2(a)(1). A motion to reopen for consideration of an adjustment application must likewise be addressed to the immigration judge or the Board.

The requirement of 8 C.F.R. 245.4 that the application for preference status as a refugee be filed simultaneously with the adjustment application presents no problem when both applications are submitted to the Service prior to the issuance of an Order to Show Cause because the District Director has authority in that instance to adjudicate both applications. Where the application for adjustment of status, accompanied by the application for seventh preference status, is presented to an immigration judge at a deportation hearing, we have held that the deportation proceedings should be held in abeyance pending adjudication by the District Director of the Form I-590A. *See Matter of Yeung,* 16 I&N Dec. 370 (BIA 1977); Immigration and Naturalization Service Operations Instructions 245.8(b)(2) and (5).

The difficulty arises when an alien seeks to assert his claim to adjustment of status under the proviso to section 203(a)(7) upon a motion to reopen. It is by no means clear that the regulations and Service Operations Instructions permit an alien under an order of deportation to secure an adjudication of his Form I-590A by the District Director before the immigration judge rules upon his motion to reopen (Form I-485). In the instant case, the respondent simulta-

---

ately available to him at the time his application is filed.

⁴ The instructions to Form I-485 and Form I-590A likewise require that the application for classification as a refugee be submitted with the adjustment application. *See also* Immigration and Naturalization Service Operations Instruction 245.8(b)(1).

neously filed his adjustment application and application for refugee classification with the Service as directed by the regulations and the instructions on the application forms. The Service, treating the adjustment application as a motion to reopen, transmitted the I-485/I-590A package to the immigration judge who thereupon denied the motion on the ground that the respondent's application for classification as a refugee had not been adjudicated and he was therefore unable to establish eligibility for an immigrant visa.

Assuming Service procedures do not in fact provide an alien an opportunity to obtain an adjudication of his claim to refugee status before the immigration judge or the Board acts upon his motion to reopen, the motions of all applicants seeking adjustment of status as refugees after an order of deportation has been entered must necessarily be denied as premature under the rationale adopted by the immigration judge. We are concerned lest those procedures have the effect of categorically precluding aliens whose claim to relief arises subsequent to their deportation hearings from establishing eligibility for adjustment of status as seventh preference refugees, thus depriving qualified aliens, albeit deportable aliens, of a substantive right accorded them by the statute. Compare Luen Kwan Fu v. INS, 431 F.2d 73 (2 Cir. 1970).

In Matter of Garcia, 16 I&N Dec. 653 (BIA 1978), we announced that we will generally reopen the deportation proceedings for consideration of an application for adjustment of status filed concurrently with a visa petition pursuant to the simultaneous filing provisions of 8 C.F.R. 245.2(a)(2), notwithstanding the fact that the visa petition has not yet been approved, unless clear ineligibility is apparent in the record. Although the regulation at issue in Garcia by its terms authorizes the simultaneous filing of adjustment applications with visa petitions, not with applications for seventh preference classification, we believe that the policy considerations underlying our decision in Garcia apply with equal force in the present case. In each instance, the alien would be able to establish present eligibility for adjustment of status but not the fact that his underlying claim to preference status has not yet been reached for adjudication and his application or petition approved.

We shall accordingly extend the "clear ineligibility" standard for reopening of Garcia[5] to cases involving applications for adjustment of status based upon a claim to refugee status and shall not consider the

---

[5] A note of clarification regarding the "clear eligibility" rule of Garcia may be in order. That rule is concerned exclusively with questions regarding the ultimate approval or denial of the visa petition which is filed simultaneously with the application for adjustment of status. In Garcia we concluded that unless the applicant for adjustment appears clearly ineligible for the preference status claimed in the underlying visa petition, we would treat a pending visa petition as though it were already approved for the purpose of

lack of approval of the Form I-590A to be a ground for denial of the motion unless clear ineligibility for the status claimed is apparent in the record. Applying that standard, we affirm the immigration judge's denial of the respondent's motion to reopen.

The Supreme Court in *Rosenberg* v. *Yee Chien Woo*, 402 U.S. 49 (1971), observing that Congress "never intended to open the United States to refugees who had found shelter in another nation and had begun to build new lives," (*id.* at 56) held that a refugee from his homeland who had firmly resettled in a third country where he is not subject to persecution may not qualify for refugee status under section 203(a)(7). The Court approved the legal standard set forth by the District Director for determining whether such resettlement had taken place, to wit:

> ... that "physical presence in the United States [be] a consequence of an alien's flight in search of refuge," and further that "the physical presence must be one which is reasonably proximate to the flight and not one following a flight remote in point of time or interrupted by intervening residence in a third country reasonably constituting a termination of the original flight in search of refuge." *Id.* at 57.

The respondent in the instant case resided in West Germany for more than 12 years following his flight from Bulgaria. He was steadily employed throughout his period of residence in West Germany. He returned to West Germany following a previous visit to this country.[6] We are satisfied on these facts that the respondent had firmly resettled in West Germany and, hence, is not eligible for the benefits of section 203(a)(7) of the Act.

Finally, we find no merit in the respondent's argument that the immigration judge erred in refusing to reopen the deportation proceedings to permit him to assert a claim for withholding of deportation pursuant to section 243(h) of the Act, 8 U.S.C. 1253(h). The likelihood that the respondent would be persecuted within the meaning of section 243(h) if required to return to Bulgaria is irrelevant since Bulgaria was not designated either as the principal or an alternate

---

reopening. We would thus give what we consider to be appropriate effect to the simultaneous filing provisions of the regulations and at the same time avoid the unnecessary intrusion into the District Director's jurisdiction over the adjudication of visa petitions which would be occasioned by an in-depth examination into the merits of a particular petition. However, at the second level of inquiry, to wit, whether the applicant otherwise qualifies for a grant of adjustment of status, the ordinary standard for reopening applies; it is incumbent upon the applicant to make a prima facie showing that he is entitled to the relief sought under section 245. *See Matter of Rodriguez*, Interim Decision 2727 (BIA 1979). It was not our intention in *Garcia* to place beneficiaries of visa petitions which have not yet been reached for adjudication in a better position with respect to their motions to reopen than beneficiaries of approved visa petitions.

[6] The respondent paid a four-month visit to the United States from late 1967 through early 1968.

country of deportation. The respondent does not contend that he would be subject to persecution by the government of West Germany, the place of deportation specified by him; in any event, notification of the right to apply for relief under section 243(h) is not required with respect to a country designated by the alien. 8 C.F.R. 242.17(c); *Matter of Sagasti*, 13 I&N Dec. 771 (BIA 1971).

The respondent appears clearly ineligible for the preference claimed under the proviso to section 203(a)(7); he has failed to make a prima facie showing that he qualifies for the discretionary relief sought under the Act. The respondent's appeal from the denial of his motion to reopen will accordingly be dismissed.

**ORDER:** The appeal is dismissed.