**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 21, 2006**

**Charles R. Fulbruge III**
**Clerk**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 05-60413

(Summary Calendar)

_____

OLUSHOLA FESTUS OMOTOYO, also known as Festus Omotoyo

Petitioner,

v.

ALBERTO R GONZALES, U S ATTORNEY GENERAL,

Respondent.

_____

Petition for Review from the
Board of Immigration Appeals,
No. A75 887 824

_____

Before SMITH, GARZA, AND PRADO, Circuit Judges.

PER CURIAM:[*]

Petitioner Olushola Festus Omotoyo petitions for review of
the Board of Immigration Appeals' ("BIA") decision to dismiss his
appeal.

I

Omotoyo is a native and citizen of Nigeria who was lawfully

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

admitted to the United States in August 2000 as a permanent resident. On February 2, 2004, he was convicted in Texas for assaulting his wife, an offense for which a sentence of one year or longer may be imposed. Omotoyo was sentenced to deferred adjudication and twelve months community supervision.

The Department of Homeland Security ("DHS") served Omotoyo with a Notice to Appear ("NTA"), alleging that Omotoyo was subject to removal from the United States pursuant to Immigration and Naturalization Act ("INA") § 237(a)(2)(E)(I), as amended, as an alien who at any time after entry had been convicted of a crime of domestic violence. The NTA also alleged that Omotoyo was removable pursuant to INA § 237(a)(2)(A)(I), as amended, having been convicted of a crime involving moral turpitude for which a sentence of one year or longer may be imposed, committed within five years after admission.

Omotoyo's removal hearing was continued four times. At the second hearing, the IJ found Omotoyo removable as charged, but allowed the subsequent continuances so that Omotoyo could secure an attorney. At the fifth hearing, Omotoyo's attorney requested another continuance because an I-130 visa petition would be filed on Omotoyo's behalf within two weeks. The IJ noted that Omotoyo was not eligible for any relief, with the exception of voluntary departure. The IJ declined to continue the proceedings because, inter alia, the case had been on the docket five times and Omotoyo had failed to apply for any relief. The IJ held that

Omotoyo remained removable as charged.

On October 19, 2004, Omotoyo appealed the IJ's decision to the BIA. On February 11, 2005, Petitioner filed a motion to reopen proceedings with the BIA requesting that proceedings be remanded to the IJ. Petitioner claimed that the I-130 visa petition had now been filed on his behalf and argued that a visa was immediately available due to his classification as an immediate relative under INA § 201(b)(2)(A)(I), based on his marriage to a United States citizen.

On April 21, 2005, the BIA denied Omotoyo's request to reopen proceedings and dismissed his appeal.

On May 16, 2005, Omotoyo filed a petition for review pro se from the BIA's decision.

II

We review questions of law de novo and review factual conclusions of the BIA for substantial evidence. Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996). We review an IJ's denial of a request to continue removal proceedings for abuse of discretion. See Manzano-Garcia v. Gonzales, 413 F.3d 462, 467 (5th Cir. 2005) (reviewing the BIA's denial of request to reopen removal proceedings under an abuse of discretion standard).

Omotoyo argues that his sentence of deferred adjudication probation that he received was not a final conviction under the

3

Texas Code of Criminal Procedure, and thus does not amount to a "conviction" for immigration purposes. The government urges that this court lacks jurisdiction to consider this argument because Omotoyo failed to raise it before the IJ. The record reveals Omotoyo did raise this argument during the administrative proceedings, and we have jurisdiction to review. Omotoyo bases his argument on Martinez-Montoyo v. Immigration & Naturalization Service, 904 F.2d 1018 (5th Cir. 1990), but that case's holding was superceded by statute. Moosa v. Immigration & Naturalization Service, 171 F.3d 994, 1001-02 (5th Cir. 1999). In 1997, Congress broadened the scope of the definition of "conviction" to include cases in which adjudication was deferred. Id. at 1002.

Omotoyo also argues that the IJ abused his discretion in denying Omotoyo's request for a continuance to file an I-130 visa petition. When the BIA denied Omotoyo's request to reopen proceedings, it noted that, "[n]either during any of the five hearings, [n]or in connection with [the] motion to reopen," did Omotoyo submit an application for adjustment of status to the IJ. The BIA denied Omotoyo's motion to remand because the record did not establish that the underlying I-130 visa petition had been favorably adjudicated and that a visa was currently available to Omotoyo. Therefore, the BIA found that the IJ did not act unreasonably in denying Omotoyo's request for a continuance. See Matter of Garcia, 16 I&N Dec. 653, 657 (BIA 1978) (holding that an IJ should generally grant a motion to reopen or a request for

4

a continuance pending final adjudication of a visa petition filed simultaneously with an adjustment application, if the visa petition is prima facie approvable and the adjustment application has in fact been submitted to him) modified on other grounds by Matter of Arthur, 20 I&N Dec. 475 (BIA 1992); see also Witter v. INS, 113 F.3d 549, 555 (5th Cir. 1999) ("The grant of a continuance of a deportation hearing lies within the sound discretion of the immigration judge, who may grant a continuance upon a showing of good cause" (citation omitted)).  The IJ did not abuse his discretion in refusing Omotoyo's request.

Omotoyo next argues that the IJ denied him due process when he failed to inform Omotoyo of various forms of relief or protection under the INA, including, inter alia, asylum and protection under the Convention Against Torture.  Omotoyo's argument is without merit.  A due process challenge to a removal proceeding requires a showing of substantial prejudice.  Anwar v. INS, 116 F.3d 140, 144 (5th Cir. 1997).  Omotoyo has not established that he was eligible for any form of relief of which he was unaware.  Furthermore, eligibility for discretionary relief in an immigration proceeding is not protected by due process.  See United States v. Lopez-Ortiz, 313 F.3d 225, 331 (5th Cir. 2002).  Omotoyo's due process rights are not implicated because it is within the IJ's discretion to grant him relief.

Finally, Omotoyo argues that his conviction for assaulting a family member in violation of Texas Penal Code § 22.01(a)(1) does

5

not render him removable.  Section 1227(a)(2)(E)(I) of Title 8 of the United States Code renders removable an alien convicted of a crime of violence committed against a person protected under the family violence laws of any state.  An assault in violation of Texas Penal Code § 22.01(a)(1) is a crime of violence.  See United States v. Shelton, 325 F.3d 553, 558-61 (5th Cir. 2003) (holding that § 22.01(a)(1) of the Texas Penal Code is a crime of violence for purposes of 18 U.S.C. § 921(a)(33)(A)).  "Family members" fall into the class of persons protected under the family violence laws of Texas.  TEX. PENAL CODE § 22.01(b)(2). Omotoyo is removable.

Omotoyo argues for the first time in his reply brief that the Due Process Clause prevents DHS from initiating removal proceedings while he was serving a state sentence of probation. We deem it waived.  Linbrugger v. Abercia, 363 F.3d 537, 541 n.1 (5th Cir. 2004) (stating that an argument made for the first time in a reply brief is waived).

Accordingly, we DENY Omotoyo's petition for review of the BIA's decision.