# MATTER OF ARTHUR

## In Deportation Proceedings

### A-29575767

### *Decided by Board May 5, 1992*

(1) Under the rule of *Matter of Garcia*, 16 I&N Dec. 653 (BIA 1978), a motion to reopen should generally be granted in cases involving an application for adjustment of status filed simultaneously with a visa petition, notwithstanding the fact that the visa petition has not yet been adjudicated, unless the applicant for adjustment appears clearly ineligible for the preference classification claimed in the underlying petition.

(2) Subsequent to our decision in *Matter of Garcia, supra,* Congress amended sections 204(g) and 245(e) of the Immigration and Nationality Act, 8 U.S.C. §§ 1154(g) and 1255(e) (Supp. II 1990), to preclude an alien from adjusting his status based on a marriage that was entered into after the commencement of proceedings to determine his right to enter or remain in the United States and to bar the approval of a visa petition to accord immediate relative or preference status based upon such marriage until after the beneficiary of the petition has resided outside the United States for a 2-year period following the marriage, unless the alien establishes "by clear and convincing evidence to the satisfaction of the Attorney General that the marriage was entered into in good faith and ... was not entered into for the purpose of procuring the alien's entry as an immigrant."

(3) The presumption established in *Matter of Garcia, supra,* that for purposes of reopening, the relationship claimed on an unadjudicated visa petition filed simultaneously with an application for adjustment of status is bona fide unless clear ineligibility is apparent in the record is inconsistent and incompatible with the congressionally mandated presumption that marriages entered into after the institution of proceedings are fraudulent.

(4) Given the petitioner's burden of establishing the bona fides of a marriage described in section 245(e) of the Act by clear and convincing evidence, an inquiry by an immigration judge or this Board into whether the evidence submitted in support of a visa petition based upon such marriage is sufficient to demonstrate prima facie eligibility for the preference classification sought would necessarily involve an in-depth examination into the merits of the petition, constituting a substantial and unwarranted intrusion into the district director's authority over the adjudication of visa petitions.

(5) Motions to reopen for consideration of applications for adjustment of status based upon unadjudicated visa petitions which fall within the ambit of sections 204(g) and 245(e) of the Act will not be granted. *Matter of Garcia, supra,* modified.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Nonimmigrant—remained longer than permitted

ON BEHALF OF RESPONDENT:
   Eugene J. Flynn, Esquire
   3141 Hood Street, Suite 615
   Dallas, Texas 75219-5021

ON BEHALF OF SERVICE:
   Ronald Mullins
   General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated October 23, 1990, an immigration judge found the respondent deportable on the basis of his concessions at the hearing under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (1988),[1] as a nonimmigrant who remained in this country longer than permitted, but granted him the privilege of voluntary departure in lieu of deportation until February 24, 1991, with an alternative order of deportation to Nigeria in the event he failed to depart voluntarily within the period specified. The respondent did not appeal from that decision.

On February 20, 1991, the respondent filed a motion to reopen with the immigration judge based upon a claim of eligibility for adjustment of status under section 245 of the Act, 8 U.S.C. § 1255 (1988), as the spouse of a United States citizen. The respondent married his wife on January 18, 1991, subsequent to the immigration judge's decision in the case. An Application for Permanent Residence (Form I-485) and a Petition for Alien Relative (Form I-130) were filed simultaneously with the motion to reopen.

In order to qualify for adjustment of status under section 245 of the Act, an alien must apply for adjustment, establish that he is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and show that an immigrant visa is immediately available to him at the time his application is filed. Section 245(a) of the Act. Generally speaking, a motion to reopen for consideration of a newly-acquired claim to relief from deportation will not be granted in the absence of a prima facie showing of eligibility for the relief sought upon reopening. *INS v. Doherty*, 502 U.S. 314, (1992); *INS v. Abudu*, 485 U.S. 94 (1988); *Matter of Sipus*, 14 I&N Dec. 229 (BIA 1972); *Matter of Lam*, 14 I&N Dec. 98 (BIA 1972).

In a decision dated July 9, 1991, the immigration judge denied the respondent's motion to reopen on the ground that the visa petition filed to accord the respondent immediate relative status as the spouse

---

[1] This section of the Act has been revised and redesignated as section 241(a)(1)(B) of the Act, 8 U.S.C. § 1251(a)(1)(B) (Supp. II 1990), by section 602(a) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5078, but that amendment does not apply to deportation proceedings for which notice has been provided to the alien before March 1, 1991. *See* section 602(d) of the Immigration Act of 1990, 104 Stat. at 5082.

of a United States citizen had not yet been adjudicated and, unless and until the petition is approved, the respondent may not establish immediate visa availability, a statutory prerequisite to a grant of adjustment of status. The respondent appealed from the denial of his motion. The appeal will be dismissed.[2]

In *Matter of Garcia*, 16 I&N Dec. 653 (BIA 1978), this Board reexamined the general rule that reopening of the proceedings will be denied in the absence of a showing that the statutory requirements for the requested relief have been met, and we carved out an exception to that rule in the case of motions to reopen for consideration of applications for adjustment of status based upon as yet unadjudicated visa petitions. The Board noted that the Immigration and Naturalization Service had recently amended its regulations to permit an adjustment application filed simultaneously with a visa petition to be accepted for processing, even though the underlying visa petition had not yet been approved, provided the approval of the petition would make an immigrant visa immediately available as of the date the adjustment application was filed. 8 C.F.R. § 245.2(a)(2) (1991). Under the amended regulations, if the visa petition is subsequently approved, the adjustment application is deemed to have been filed on the date the accompanying petition was filed. *Id.* Inasmuch as the date an adjustment application is filed determines whether a visa is immediately available, the regulation allows an applicant who is subsequently found to have been fully qualified for adjustment of status at the time of simultaneous filing to preserve immediate visa availability and, hence, eligibility for adjustment of status, until such time as the visa petition supporting the adjustment application has been reached for adjudication. *Id.*

In order to give appropriate effect to the simultaneous filing provisions of the amended regulations, we determined that a motion to reopen should generally be granted in cases involving an adjustment application supported by an unadjudicated visa petition unless the applicant for adjustment appears clearly ineligible for the preference classification claimed in the underlying petition. *Matter of Garcia, supra*. Stated another way, a pending prima facie approvable visa petition would be treated as though it were already approved for purposes of reopening. *Id.; see also Matter of Guiragossian*, 17 I&N Dec. 161, 164 n. 5 (BIA 1979).

Inasmuch as the immigration judge denied the respondent's motion to reopen solely on the ground that the visa petition underlying the

---

[2] The Immigration and Naturalization Service opposed the motion to reopen on grounds other than that cited by the immigration judge. Since we find the motion was properly denied, we need not and do not consider possible alternative bases for denial.

respondent's adjustment application had not been adjudicated, the immigration judge's decision is inconsistent with our holding in *Matter of Garcia, supra.* However, recent amendments to the Act invite us to revisit *Garcia.*

In 1986, Congress enacted the Immigration Marriage Fraud Amendments of 1986, Pub. L. No. 99-639, 100 Stat. 3537 ("1986 Amendments"), legislation designed to deter fraud by aliens seeking to acquire lawful permanent residence in the United States through marriage to a United States citizen or a lawful permanent resident alien. The 1986 Amendments, among other provisions, precluded an applicant from adjusting his status based on a marriage that was entered into after the commencement of proceedings to determine his right to enter or remain in the United States and barred the approval of a visa petition to accord immediate relative or preference status based on such marriage until after the beneficiary of the petition had resided outside the United States for a 2-year period following the marriage. *See* sections 5(a) and (b) of the 1986 Amendments, 100 Stat. at 3543 (codified as amended at sections 204(h) and 245(e) of the Act, 8 U.S.C. §§ 1154(h) and 1255(e) (Supp. IV 1986)).[3]

The Act was again amended by the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978 ("1990 Act"), to exempt qualifying aliens from the 2-year foreign residence requirement and the bar to adjustment of status imposed by the 1986 Amendments. The 1990 Act provides in pertinent part that the foreign residence requirement and the section 245(e) bar to adjustment shall not apply in the case of an alien who establishes "by clear and convincing evidence to the satisfaction of the Attorney General that the marriage was entered into in good faith and ... was not entered into for the purpose of procuring the alien's entry as an immigrant." Section 702 of the 1990 Act, 104 Stat. at 5086 (codified as amended at section 245(e) of the Act, 8 U.S.C. § 1255(e) (Supp. II 1990)). The "clear and convincing evidence" standard is, of course, more stringent than the "preponderance of the evidence" standard ordinarily required to establish a claimed relationship between a petitioner and a beneficiary. *See Matter of Patel,* 19 I&N Dec. 774, 782-83 (BIA 1988).

By first enacting an absolute bar to adjustment of status based upon a marriage entered into during the pendency of proceedings and to the approval of a visa petition based upon such marriage unless the marriage first survived a 2-year separation, and then by requiring a substantially heightened showing to establish the bona fides of the

---

[3] Section 204(h) of the Act was redesignated as section 204(g) of the Act, 8 U.S.C. § 1154(g) (Supp. II 1990), by section 162(b) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5010-11.

marriage, Congress rather clearly created a presumption that marriages contracted after the institution of exclusion or deportation proceedings are fraudulent. That presumption may, under present law, be overcome only by a showing of evidence that is "clear and convincing." Section 245(e)(3) of the Act. *Matter of Garcia, supra,* on the other hand, established a contrary presumption: that is, for purposes of reopening, the relationship claimed on the visa petition supporting the application for adjustment of status is presumed to be bona fide unless clear ineligibility is apparent in the record. *See also Matter of Guiragossian, supra.* We find that the rule of *Garcia* is inconsistent and incompatible with Congress' intent as expressed in the 1986 Amendments and the 1990 Act.

We are concerned, too, with jurisdictional problems that would likely result from attempts on the part of an immigration judge or this Board to square the "clear ineligibility" rule of *Garcia* with Congress' requirement that the bona fides of a marriage described in section 245(e) of the Act be proved by clear and convincing evidence. An inquiry into whether the evidence submitted in support of a visa petition is sufficient, in light of the heavy burden imposed on the petitioner, to demonstrate prima facie eligibility for the preference sought would necessarily involve an in-depth examination into the merits of the petition. Such examination would, in our view, constitute a substantial and unwarranted intrusion into the district director's authority over the adjudication of visa petitions. *See generally Matter of Guiragossian, supra.*

In light of the foregoing discussion, we shall hereafter decline to grant motions to reopen for consideration of applications for adjustment of status based upon unadjudicated visa petitions which fall within the ambit of sections 204(h) [now section 204(g)] and 245(e) of the Act. Our holding in *Matter of Garcia, supra,* is modified accordingly.

In his motion to reopen, the respondent referred us to an unpublished Board decision which, on seemingly similar facts, reached a contrary result. The referenced decision is inapposite inasmuch as the respondent in that case was the beneficiary of an approved visa petition. In any event, the decision is without precedential value. The appeal will be dismissed.

**ORDER:** The appeal is dismissed.

479