**Chan Geum JUNG, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States, Respondent.**

No. 02–4469.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 4, 2003.

Decided March 2, 2004.

Chan Geum Jung, pro se, Bayonne, NJ, for Petitioner.

Carl H. McIntyre, Jr., Richard M. Evans, Nancy E. Friedman, Christopher C. Fuller, William C. Minick, United States Department of Justice, Office of Immigration Litigation Washington, DC, for Respondent.

Before SLOVITER and ALITO, Circuit Judges, and OBERDORFER, District Judge.*

OPINION OF THE COURT

PER CURIAM.

I.

Chang Geum Jung ("Jung") challenges a final order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of Jung's motion to reopen her removal proceedings. Though the procedural background of this petition is a bit convoluted and Jung provides a detailed argument in support of her position, this is in actuality a simple case. Jung failed to depart after she was granted voluntary departure, and therefore the IJ properly denied Jung's motion to reopen. Because we conclude that Jung's motion to reopen was properly denied, we deny Jung's petition to review.

II.

We review the denial of motions to reopen deportation proceedings for abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) ("The granting of a motion to reopen is thus discretionary and the Attorney General has 'broad discretion' to grant or deny such motions.") (internal citations omitted); *Lu v. Ashcroft*, 259 F.3d 127, 131 (3d Cir. 2001) ("Thus, we review the BIA's decision to deny reopening for abuse of discretion, mindful of the 'broad' deference that the Supreme Court would have us afford.").

III.

Jung's primary argument is that the BIA erred by affirming the IJ's denial of her motion to reopen her removal proceedings. Jung spends much of her brief arguing that the IJ erred in denying her motion to reopen because she had a pending application for the adjustment of her visa status. *See* Brief of Jung at 6. She states that the IJ's denial of her motion to reopen was based on the since-overruled holding of *Matter of Arthur*, 20 I & N Dec. 475, 1992 WL 195807 (BIA 1992), in which the

---

* The Honorable Louis F. Oberdorfer, Senior District Judge for the District of Columbia, sitting by designation.

BIA denied a motion to reopen because a visa application was still pending. Because that holding was subsequently modified by *Matter of Velarde*, 23 I & N Dec. 253, 2002 WL 393173 (BIA 2002), in which the BIA stated that a petitioner's motion to reopen could be granted during the pendency of a I–130 visa petition, Jung argues that she is entitled to a reopening of her deportation hearing.

While it is true that Jung would be entitled to a reopening of her hearing if all that were at issue were the pendency of her visa application, the facts in her case are decidedly different from those in *Matter of Velarde*. The IJ's denial of Jung's motion was only partly based on the reasoning in *Matter of Arthur*, a fact that Jung overlooks. As the IJ stated, Jung was "statutorily barred from reopening the case for *another, independent reason.*" *See* AR at 97 (emphasis added). That independent reason was that Jung failed to depart voluntarily, as she had agreed, something which Jung does not dispute. On this point the immigration statutes are clear. Where an alien fails to depart voluntarily within the specified time period, he or she is "ineligible for a period of 10 years" for adjustment of status. 8 U.S.C. § 1229c(d). This crucial fact distinguishes Jung's motion from those in both *Matter of Arthur* and *Matter of Velarde*. In *Matter of Arthur*, the petitioner moved to reopen before the end of his voluntary departure period. *See Matter of Arthur.* In *Matter of Velarde* the BIA explicitly stated that "[t]he respondent was not granted voluntary departure during proceedings before the Immigration Judge, and [that] therefore [he was] not barred from adjustment of status for overstaying a voluntary departure period." *Id.* Furthermore, in *Matter of Velarde*, the BIA stated that a motion to reopen could not be granted if barred by *Matter of Shaar*, 21 I. & N. Dec. 541, 1996 WL 426889 (BIA 1996).[1] Here, unlike the petitioners in *Matter of Shaar*, Jung cannot even show that she filed her motion to reopen before her required date of departure. Therefore, under the holding in *Matter of Velarde*, her motion to reopen could not be granted because it was barred by *Matter of Shaar*.

Given all this, it is perfectly clear that the BIA did not err in affirming the IJ's denial of Jung's motion to reopen.[2]

## IV.

We have reviewed all of Jung's arguments and see no grounds for granting her petition. Therefore, her petition to review will be denied.

---

1. In *Matter of Shaar,* the issue before the BIA was whether the "expiration of the period of voluntary departure while a motion to reopen [was] pending render[ed]" the petitioners "ineligible for suspension of deportation." The BIA held that the IJ had properly denied the petitioners' motion to reopen where they had exceeded the time granted them to voluntarily depart. Though they had filed their motion to reopen three days before they were required to depart, their motion was not entertained until after the period for departure had expired, and the BIA held that the IJ had properly denied their motion because they had not shown any " 'exceptional circumstances' for having remained" past their required departure date.

2. We have also reviewed Jung's claim that the IJ violated her due process rights by ordering her voluntary departure. This argument is without merit. Jung was represented by counsel at her hearing, and there is no allegation that counsel was not authorized to proceed as she did or that Jung did not agree with the strategy employed by her counsel.