**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-1311**

———————

JOSEPH AUJOUR,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals. (A75-367-705)

———————

Submitted:  September 15, 2004      Decided:  October 14, 2004

———————

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Samuel N. Omwenga, Washington, D.C., for Petitioner.  Peter D. Keisler, Assistant Attorney General, David V. Bernal, Assistant Director, Barry J. Pettinato, Jennifer J. Keeney, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Joseph Aujour, a Haitian native, petitions for review of the Board of Immigration Appeals' (Board) order denying his motion to reopen. For the reasons stated below, we deny his petition for review.

We review the Board's denial of a motion to reopen with extreme deference and only for an abuse of discretion. 8 C.F.R. § 1003.2(a) (2004); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Stewart v. INS, 181 F.3d 587, 595 (4th Cir. 1999). Such motions are especially disfavored "in a deportation proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Doherty, 502 U.S. at 323.

Aujour asserts he met the requirements for reopening the Board's decision under Matter of Velarde-Pacheco, 23 I. & N. Dec. 253 (BIA 2002). In Matter of Velarde-Pacheco, the Board held that a properly filed and unopposed motion to reopen for adjustment of status based on a bona fide marriage entered into after the commencement of proceedings may be granted, at the Board's discretion, even though a visa petition is pending and not yet approved. Id. at 256. The Board may grant the motion only when the following factors are present: (1) the motion is timely filed; (2) the motion is not numerically barred; (3) the motion is not barred by Matter of Shaar, 21 I. & N. Dec. 541 (BIA 1996), or on

- 2 -

any other procedural grounds; (4) the motion presents clear and convincing evidence indicating a strong likelihood that the [alien's] marriage is bona fide; and (5) the Service either does not oppose the motion or bases its opposition solely on Matter of Arthur, 20 I. & N. 475 (BIA 1992). Id.

We conclude the Board did not abuse its discretion when it found Aujour failed to present clear and convincing evidence that there is a strong likelihood that his marriage is bona fide. Because this provided a sufficient basis for the Board's decision, we need not address whether the fifth prong of the Velarde-Pacheco test implicates due process rights.

Aujour next argues his motion to reopen should have been granted under Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), because his counsel was ineffective. Under Matter of Lozada, a motion to reopen may be filed out of time if it is based on ineffective assistance of counsel. However, the alien must also show he was prejudiced by his counsel's actions. Id. at 638; Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). Because Aujour was not able to present clear and convincing evidence that his marriage is bona fide, we conclude he was not prejudiced by his counsel's failure to file a motion to reopen based on Matter of Velarde-Pacheco.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions

- 3 -

are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED