[black box]

**Jose Antonio LOPEZ–RAMIREZ, Petitioner,**

v.

**Michael B. MUKASEY,* Attorney General, Respondent.**

No. 06–71099.

United States Court of Appeals, Ninth Circuit.

---

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Aug. 17, 2007.**

Filed Dec. 10, 2007.

Jose Antonio Lopez–Ramirez, El Cajon, CA, for Petitioner.

Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jeffrey J. Bernstein, Esq., Michelle E. Gorden Latour, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM ***

Jose Antonio Lopez–Ramirez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) order denying his motion to reopen removal proceedings to adjust status based on an unadjudicated visa petition filed by his U.S. citizen spouse. We have jurisdiction under 28 U.S.C. § 1252. We review for abuse of discretion, *Konstantinova v. INS,* 195 F.3d 528, 529 (9th Cir.1999), and we grant the petition and remand for further proceedings.

The BIA may grant a motion to reopen to adjust status based on a marriage entered into during removal proceedings, when, inter alia, the Department of Homeland Security (DHS) either does not oppose the motion or opposes the motion

based solely on *Matter of Arthur,* 20 I. & N. Dec. 475 (BIA 1992) (establishing former BIA policy that motion to reopen must be denied when based on an unadjudicated visa petition). *Matter of Velarde–Pacheco,* 23 I. & N. Dec. 253, 256 (BIA 2002) (en banc). In this case, DHS opposed Lopez–Ramirez's motion to reopen on several grounds, none of which is clearly articulated. The BIA denied the motion to reopen on the ground that DHS's opposition was not based solely on Lopez–Ramirez's unadjudicated visa petition, but did not analyze the grounds relied on by DHS nor specify which reasons were not based on the unadjudicated petition. Accordingly, we remand for clarification of how *Velarde* applies to the reasons given by DHS for opposing Lopez–Ramirez's motion and why these reasons are or are not based on *Arthur.* *See Recinos De Leon v. Gonzales,* 400 F.3d 1185, 1194 (9th Cir.2005) (remanding because "[w]e will not guess at the theory underlying ... the BIA's opinion").

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.