Stanislav KHORIAKOV, Petitioner,

v.

Peter D. KEISLER,[1] Respondent.

Nos. 05–4450–ag, 05–6462–ag.

United States Court of Appeals,
Second Circuit.

Oct. 30, 2007.

---

1. Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

Tatiana S. Aristova, Gallagher, Malloy & Georges, P.C., Philadelphia, PA, for Petitioner.

Rebecca Niburg, Office of Immigration Litigation, United States Department of Justice, Washington, DC (Diane Hollenshead Copes, Stephen A. Higginson, Assistant United States Attorneys, for Jim Letten, United States Attorney for the Eastern District of Louisiana, on the brief), for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Stanislav Khoriakov, a native of Kazakhstan and citizen of Russia, petitions for review of two decisions of the BIA. The first BIA decision dismissed Khoriakov's appeal of the decision of Immigration Judge William F. Jankun denying his motion to reopen deportation proceedings, denied his motion to remand, and denied his motion to reopen. *In re Kho-* *riakov,* No. A 73 642 447 (B.I.A. July 26, 2005), *aff'g* No. A 73 642 447 (Immig. Ct. N.Y. City Oct. 15, 2002). The second BIA decision denied Khoriakov's motion to reconsider. *In re Khoriakov,* No. A 73 642 447 (B.I.A. Nov. 10, 2005) (per curiam). The petitions have been consolidated for our review. We assume the parties' and counsel's familiarity with the facts and procedural history of this case and the scope of the issues presented by these petitions.

Khoriakov was ordered deported *in absentia* on February 8, 1996, having failed to appear for a deportation hearing at which he had planned to assert claims for asylum, withholding of deportation, and voluntary departure. The record reflects that Khoriakov's counsel told him, in error, that the hearing had been postponed due to a scheduling conflict and would be rescheduled. Khoriakov did not learn of the *in absentia* deportation order until September 4, 2001. At the time Khoriakov was ordered deported, the limitations period on a motion to reopen to rescind an *in absentia* deportation order was 180 days. Former 8 U.S.C. § 1252b(c)(3)(A) (repealed Sept. 30, 1996). Khoriakov did not file his motion to reopen until February 5, 2002, more than five years too late.

We conclude that our review of this petition is governed by *Iavorski v. INS,* 232 F.3d 124 (2d Cir.2000). There, we recognized that ineffective assistance of counsel can equitably toll the statute of limitations for a motion to reopen, but only if the petitioner exercised due diligence in pursuing the case during the period the petitioner seeks to toll. *Id.* at 134. Under the due-diligence requirement, the equities do not favor tolling beyond the point that a reasonable person in the petitioner's situation would have discovered counsel's ineffectiveness and taken steps to correct the

error. *Id.*; *see also Cekic v. INS*, 435 F.3d 167, 170–71 (2d Cir.2006).

■ Here, Khoriakov argues that he reasonably believed he was diligently pursuing his immigration case by seeking adjustment of status after his marriage to a permanent resident. Although adjustment of status and deportation are administratively separate proceedings, Khoriakov argues that he reasonably relied on the Immigration and Naturalization Service ("INS") to inform him if something was wrong with his case.

We disagree. We conclude that a reasonable person in Khoriakov's situation would not rest on such an assumption months and years after being told by his attorney that his deportation hearing had been postponed. Khoriakov overstayed a 30–day visa; was served with an order to show cause why he should not be deported; was told by the IJ that he would be ordered deported if he failed to appear on February 8, 1996; was told by his attorney that his February 8 hearing had been postponed due to a scheduling conflict; and never heard back from the attorney or the immigration court. He did not file an application for adjustment of status until January 27, 1998, nearly two years later. A reasonable person in Khoriakov's situation would have followed up with his attorney, or with the INS, to ask what happened to his postponed hearing. Khoriakov did not do so.

■ We also reject Khoriakov's argument that he did not receive proper notice, in a language he understood, that the consequence of his failure to appear at the February 8, 1996 hearing would be an order of deportation. The BIA found that Khoriakov understood the IJ's clear warning that his failure to appear would result in such an order of deportation, and that

finding of fact is supported by substantial evidence in the record. *See Chambers v. Office of Chief Counsel,* 494 F.3d 274, 277–78 (2d Cir.2007).

■ Finally, we note that Khoriakov was never eligible for adjustment of status. An alien may file a motion to reopen for adjustment of status based upon his marriage to a U.S. citizen or lawful permanent resident after the commencement of deportation proceedings. *See In re M–S–,* 22 I. & N. Dec. 349, 353–54 (BIA 1998). However, the deadline for Khoriakov to file was September 30, 1996. 8 C.F.R. § 1003.23(b)(1). At that time, such a motion was required to be denied unless accompanied by an approved I–130 immigration visa petition. *In re Velarde–Pacheco,* 23 I. & N. Dec. 253 (BIA 2002); *see In re H–A–,* 22 I. & N. Dec. 728 (BIA 1999); *Matter of Arthur,* 20 I. & N. Dec. 475 (BIA 1992). Here, the record reflects that an I–130 petition filed on Khoriakov's behalf was not approved until December 26, 1997. By that time, his September 30, 1996 deadline to file a motion to reopen for adjustment of status had long since expired.

For the foregoing reasons, the petitions for review of the orders of the Board of Immigration Appeals are hereby DENIED.