[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 30, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11099

_____

Agency No. A79-512-419

CAROLINA ATUESTA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(November 30, 2007)**

Before BLACK, HULL and FAY, Circuit Judges.

PER CURIAM:

Carolina Atuesta petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. After review and oral argument, we conclude that the BIA did not abuse its discretion in denying Atuesta's motion to reopen.

## I.    Background

Atuesta, a citizen of Colombia, arrived in the United States as a nonimmigrant visitor for pleasure in August 2001. In October 2001, Atuesta filed an application for asylum and withholding of removal, claiming persecution based on her political opinion and membership in a social group. Atuesta's asylum application indicated that she was unmarried.

On June 24, 2002, Alejandro Betancur, also a citizen of Colombia, filed his own application for asylum and withholding of removal, claiming persecution based on his political opinion and membership in a social group. Betancur's application indicated that he was married to petitioner Atuesta and that he wished to include her in his application. Attached to Betancur's application was a marriage certificate stating that Betancur and Atuesta were married on June 17, 2002.

The Immigration Judge ("IJ") consolidated petitioner Atuesta's case with Betancur's case, and after a hearing, the IJ found that Atuesta and Betancur were not credible. The IJ denied their applications and ordered them removed from the

2

United States. On September 1, 2006, the BIA affirmed the IJ's decision without opinion.

On November 24, 2006, Atuesta filed the instant motion to reopen with the BIA. Atuesta's motion asked that her removal order be reopened so that she could then have the opportunity to file an application for adjustment of status based on her November 15, 2006 new marriage to Ricardo Masis, a United States citizen. Atuesta's motion asserted that: (1) she and Betancur divorced in February 2006; (2) she met Masis in March 2006; (3) after dating for approximately one month, she and Masis became engaged in May 2006;[1] (4) she and Masis married on November 14, 2006; and (5) the next day, on November 15, 2006, Masis filed a I-130 petition for an alien relative visa on Atuesta's behalf.

The BIA denied Atuesta's motion to reopen. Citing a five-factor test established in Matter of Velarde-Pacheco, 23 I. & N. Dec. 253 (BIA 2002), the BIA determined that Atuesta did not establish two of the five Velarde factors.

In Velarde, the BIA determined that a properly filed motion to reopen may be granted, in the exercise of discretion, to provide an alien an opportunity to pursue an application for adjustment where the following five factors are present:

---

[1]Although Atuesta's motion asserts that she and Masis became engaged in May 2005, the affidavits of Masis and Atuesta (attached to Atuesta's motion) state that she and Masis met in March 2006 and became engaged in May 2006. Because resolution of the issue does not impact our disposition of this case, we accept the version of the facts more favorable to Atuesta: that she did not become engaged to Masis until after her divorce from Betancur.

3

(1) the motion is timely filed; (2) the motion is not numerically barred by the regulations; (3) the motion is not barred by Matter of Shaar, 21 I. & N. Dec. 541 (BIA 1996), or on any other procedural grounds; (4) the motion presents clear and convincing evidence indicating a strong likelihood that the respondent's marriage is bona fide; and (5) the [Department of Homeland Security] either does not oppose the motion or bases its opposition solely on Matter of Arthur, [20 I. & N. Dec. 475 (BIA 1992)].

Velarde, 23 I. & N. Dec. at 256.

The BIA denied Atuesta's motion to reopen based on the fourth and fifth Velarde factors. As to the fourth factor, the BIA concluded that Atuesta failed to present clear and convincing evidence indicating a strong likelihood that her marriage to Masis was bona fide. As to the fifth factor, the BIA concluded that Atuesta failed to show that the Department of Homeland Security ("DHS") did not oppose her motion, or opposed her motion solely on the basis of Matter of Arthur. Atuesta timely filed a petition for review of the BIA's denial of her motion to reopen.

## II. Standard of Review

This Court employs "a very deferential abuse of discretion standard in reviewing the BIA's decision on a motion to reopen 'regardless of the underlying basis of the alien's request' for relief." Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001) (quoting INS v. Doherty, 502 U.S. 314, 323, 112 S. Ct. 719, 725 (1992)). "'Our review is limited to determining whether there has been an exercise

4

of administrative discretion and whether the matter of exercise has been arbitrary or capricious.'" Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006) (quoting Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005)). As a general matter, motions to reopen are disfavored, particularly in removal proceedings. Id.

## III. Discussion

On appeal, Atuesta challenges the validity of the BIA's Velarde requirement that a motion to reopen in order to file an adjustment-of-status application based on a marriage entered into after the commencement of removal proceedings must not be opposed by the government, or only opposed by the government on the basis of Matter of Arthur. See Velarde, 23 I. & N. Dec. at 256. We need not, and do not, address Atuesta's argument as to the fifth Velarde factor because the fourth factor is alone sufficient. As to the fourth factor, we conclude that Atuesta has not shown that the BIA abused its discretion in determining that she failed to present clear and convincing evidence indicating a strong likelihood that her marriage to Masis is bona fide.

There is a presumption that marriages entered into after the commencement of removal proceedings are not bona fide, which is why an alien moving to reopen based on such a marriage must adduce evidence that the marriage is bona fide. See 8 U.S.C. §§ 1154(g), 1255(e); Velarde, 23 I. & N. Dec. at 256. Indeed, where an

5

alien moves to reopen for the purpose of then filing an adjustment-of-status application based on a marriage entered into after the commencement of removal proceedings, there must be <u>clear and convincing</u> evidence indicating a <u>strong likelihood</u> that the marriage is bona fide. <u>Velarde</u>, 23 I. & N. Dec. at 256.

Atuesta was ordered removed but sought asylum with her first husband. After the IJ denied their asylum claims, they divorced in February 2006. Atuesta met Masis in March 2006, the month after her divorce, and was engaged to Masis by May 2006, just three months after her divorce. Atuesta was married to Masis for all of ten days when she filed her motion to reopen, and Masis filed an I-130 petition on Atuesta's behalf just one day after they were married. Given the entire record, including the timing of Atuesta's divorce, engagement, second marriage, and immigration filings, we cannot say that the BIA abused its discretion here. This is particularly so in light of the "very deferential" abuse of discretion review of the BIA's denial of a motion to reopen. <u>See</u> <u>Al Najjar</u>, 257 F.3d at 1302.[2]

Thus, we deny Atuesta's petition.

**PETITION DENIED.**

---

[2]We reject Atuesta's argument that the BIA applied the incorrect legal standard in its bona fide marriage analysis. We examine the BIA's order as a whole, and the BIA expressly listed the five <u>Velarde</u> factors, including whether "clear and convincing evidence" was presented "indicating a strong likelihood that the . . . marriage [was] bona fide."