Alexandre **KRAVTCHOUK**, Petitioner,

v.

Michael B. **MUKASEY**, United States Attorney General,* Respondent.

No. 06–5057–ag.

United States Court of Appeals, Second Circuit.

Dec. 5, 2007.

Michael P. DiRaimondo, DiRaimondo & Masi, LLP, New York, NY, for Petitioner.

Jeffrey L. Menkin, Trial Attorney (Peter D. Keisler, former Assistant Attorney General, Christopher C. Fuller, Senior Litigation Counsel, on the brief), United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Present ROBERT A. KATZMANN, Circuit Judge,** EDWARD R. KORMAN, District Judge.***

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

** The Honorable Thomas J. Meskill, who was a member of this panel, died after oral argument, and the appeal is being decided by the remaining two members of the panel, who are in agreement. *See* 2d Cir. Interim R. 0.14(b).

*** The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

Petitioner Alexandre Kravtchouk seeks review of an order of the Board of Immigration Appeals ("BIA") denying his motion for reconsideration. *See In re Kravtchouk,* No. A 70 585 336 (B.I.A. Oct. 5, 2006); *see also In re Kravtchouk,* No. A 70 585 336 (B.I.A. June 20, 2006), *aff'g In re Kravtchouk,* No. A 70 585 336 (Immig. Ct. N.Y. City Nov. 8, 2004). We assume the parties' familiarity with the facts, the proceedings below, and the specification of issues on appeal.

We review the BIA's denial of a motion for reconsideration for abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34 (internal quotation marks omitted). The Board reviewed its initial decisions to dismiss Kravtchouk's appeal and to deny the motion to reopen and found that the petitioner had not established that it had made any errors of fact or law. We similarly conclude that the petitioner has failed to demonstrate that the Board's initial determinations were erroneous. The motion to reopen was properly denied in light of the Board's reasonable conclusion that the petitioner had failed to provide clear and convincing evidence that his marriage was *bona fide. See In re Velarde–Pacheco,* 23 I. & N. Dec. 253, 256 (B.I.A.2002) (noting that a motion to reopen on account of a new marriage may be granted only if, *inter alia,* "the motion presents clear and convincing evidence indicating a strong likelihood that the respondent's marriage is *bona fide*"). The appeal of the Immigration Judge's ("IJ") denial of petitioner's

motion for a continuance was properly dismissed because the IJ did not exceed his allowable discretion. *See Morgan v. Gonzales,* 445 F.3d 549 (2d Cir.2006). Because the BIA did not act arbitrarily or capriciously by adhering to its correct decisions, we conclude that it properly denied the petitioner's motion for reconsideration.

The petitioner's claim that the BIA denied him due process is equally unavailing. The Board was not required to consider new evidence submitted in support of the motion to reconsider. *Cf. Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 344 (2d Cir.2006) (rejecting as "without merit" the argument that "the BIA is required to consider new evidence in the absence of a motion to reopen"). Nor did the Board err by considering evidence outside the record. The BIA noted the grounds upon which the Department of Homeland Security opposed his motion for the sole reason of verifying that this opposition was not based on *Matter of Arthur,* 20 I. & N. Dec. 475 (B.I.A.1992). *See In re Velarde–Pacheco,* 23 I. & N. Dec. at 256 (explaining that a motion to reopen may be granted if "the Service either does not oppose the motion or bases its opposition solely on *[Matter of Arthur]*"). This did not constitute improper factfinding. We have considered the remainder of the petitioner's arguments and find them to be without merit.

Accordingly, the petition for review is hereby **DENIED.** Having completed our review, the pending motion for a stay of removal in this petition is **DENIED** as moot.