[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 21, 2008
THOMAS K. KAHN
CLERK

No. 07-15974
Non-Argument Calendar

_____

BIA No. A28-305-829

ROSA INES NEIRA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(July 21, 2008)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Rosa Ines Neira petitions for review of the Board of Immigration Appeals'

decision denying her motion to reopen her removal proceedings to apply for status adjustment.

**I.**

Neira, a native and citizen of Colombia, filed an application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment. The Immigration Judge denied Neira's applications for relief but granted her request for voluntary departure. Neira appealed to the BIA, which affirmed the IJ's order and dismissed her appeal on August 3, 2007. The BIA further ordered that Neira had sixty days from the date of its order to depart from the United States voluntarily.

On October 1, 2007, just one day before her sixty day period for voluntary departure was set to expire, Neira filed a motion to reopen her removal proceedings so that she could apply for status adjustment. That motion indicated that Neira's son would soon become a naturalized citizen, which would allow him to then file an I-130 petition for alien relative status on Neira's behalf and her to file an I-485 application for adjustment.[1] Attached to Neira's motion to reopen were: (1) a document indicating that her son's application for naturalization had been recommended for approval; (2) an unfiled and undated I-130 alien relative petition;

---

[1] Neira's son did not become a United States citizen until November 2, 2007, at which time the motion to reopen was pending.

and (3) an unfiled and undated I-485 application to adjust status.

The BIA rejected Neira's motion to reopen on October 3, 2007 because her attorney had failed to file the required notice of entry. The Board did, however, instruct Neira that she would be permitted to file a corrected motion within fifteen days. On October 9, 2007 the BIA received the corrected motion from Neira's attorney.

The BIA denied the motion to reopen. The Board initially noted that "[w]hile the DHS correctly noted that [Neira] would be ineligible for adjustment for overstaying the period of voluntary departure, the defect was cured within the time limit set in our notice, and she is consequently not considered ineligible for her failure to depart within the time granted to her under the voluntary departure order." However, the BIA determined that Neira was not "prima facie eligible for the relief she seeks" because the visa petition that her son was going to reportedly file on her behalf had "not yet been adjudicated." Furthermore, although Neira had relied on the BIA's holding in In re Velarde-Pacheco, 23 I. & N. Dec. 253 (BIA 2002), the Board distinguished that case as being "limited to cases involving adjustment based on a marriage." Neira timely petitioned this Court for review of the BIA's order denying her motion to reopen.

## II.

"We review the BIA's denial of a motion to reopen for abuse of discretion."

3

Montano Cisneros v. U.S. Att'y Gen., 514 F.3d 1224, 1226 (11th Cir. 2008). Our review is, therefore, "limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary and capricious." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005) (internal quotation marks and citation omitted). "[T]he BIA's failure to follow its own precedents without providing a reasoned explanation for doing so can constitute an abuse of discretion." Montano Cisneros, 514 F.3d at 1226.

The Immigration and Nationality Act provides the Attorney General with the discretion to adjust the status of an alien to that of a lawful permanent resident if: "(1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a). The INA further provides that "any citizen of the United States claiming that an alien is entitled to . . . an immediate relative status . . . may file a petition with the Attorney General for such classification." Id. § 1154(a)(1)(A)(i). The term "immediate relative" as used in that provision includes "children, spouses, and parents of a citizen of the United States." Id. § 1151(b)(2)(A)(i).

The INA also provides aliens with ninety days from the date of a final administrative order to file one motion to reopen, which "shall state the new facts

4

that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." Id. § 1229a(c)(7)(B). Such a motion "shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1).

We have noted that "[m]otions to reopen are disfavored, especially in a removal proceeding, 'where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States.'" Abdi, 430 F.3d at 1149 (quoting INS v. Doherty, 502 U.S. 314, 323, 112 S. Ct. 719, 724–25 (1992)). The movant's burden is, therefore, a heavy one. Ali v. U.S. Att'y Gen., 443 F.3d 804, 813 (11th Cir. 2006). She must "present[ ] evidence of such a nature that the [BIA] is satisfied that if proceedings before the [IJ] were reopened, with all attendant delays, the new evidence offered would likely change the result in the case." Id. (internal quotation marks and citation omitted) (alterations in original).

The BIA did not abuse its discretion by denying Neira's motion to reopen. Although Neira submitted evidence of her son's impending naturalization in connection with her motion to reopen, she provided no evidence that a relative visa petition had been filed on her behalf. Instead, she offered only an undated and unfiled I-130 petition along with an undated and unfiled I-485 application for

5

status adjustment. Under these circumstances, it was not an abuse of discretion for the BIA to conclude that Neira was not prima facie eligible for status adjustment because she failed to submit evidence that "an immigrant visa [was] immediately available to [her]." See 8 U.S.C. § 1255(a).

Nor does, as Neira contends, In re Velarde-Pacheco compel the conclusion that the BIA abused its discretion. In that case, the petitioner married a United States citizen after his deportation had already been ordered. Velarde-Pacheco, 23 I. & N. Dec. at 254. As a result, the petitioner's wife filed an I-130 petition on his behalf and he simultaneously filed an I-485 application for status adjustment. Id. The petitioner additionally filed a motion to reopen his removal proceedings, submitting copies of the adjustment application and supporting documentation. Id. The BIA's former policy with respect to such motions was to deny them where they had not yet been adjudicated by the Service. See id. at 255. However, the Board noted that the effect of that policy coupled with the limitation that respondents may file only one motion to reopen within ninety days of a final administrative order and the Service's inability to adjudicate many I-130 petitions within that time period, "has been to deprive a small class of respondents, who are otherwise prima facie eligible for adjustment, of the opportunity to have their adjustment applications reviewed by an Immigration Judge." Id.

In Velarde-Pacheco, therefore, the Board concluded that:

6

> a properly filed motion to reopen may be granted, in the exercise of discretion, to provide an alien an opportunity to pursue an application for adjustment where the following factors are present: (1) the motion is timely filed; (2) the motion is not numerically barred by the regulations; (3) the motion is not barred by Matter of Shaar, 21 I. & N. Dec. 541 (BIA 1996), or any other procedural grounds; (4) the motion presents clear and convincing evidence indicating a strong likelihood that the respondent's marriage is bona fide; and (5) the Service either does not oppose the motion or bases its opposition solely on Matter of Arthur.

Id. at 256. However, the Board went on to "emphasize that [it] was not endors[ing] granting adjustment of status in every case in which a respondent makes a prima facie showing of eligibility" and that its decision did "not require Immigration Judges to reopen proceedings pending adjudication of an I-130 visa petition in every case in which the respondent meets all five of the aforementioned factors." Id. at 256–57.

Velarde-Pacheco involved only status adjustments based on marriage. The BIA provided a reasoned explanation for declining to apply that precedent in this distinguishable setting. See Montano Cisneros, 514 F.3d at 1226. Specifically, in denying Neira's motion to reopen the BIA explained that it did not find the holding of Velarde-Pacheco relevant because "it was limited to cases involving adjustment based on marriage," which Congress had expressed a desire to treat differently than petitions from other family members. See also Velarde-Pacheco, 23 I. & N. Dec. at 257 (reasoning that its holding was "consistent with Congress' legislative intent

7

in amending the marriage fraud provisions"). Because the BIA provided a reasoned explanation for declining to extend its own precedent, we cannot say that it acted arbitrarily or capriciously in denying Neira's motion to reopen.

Furthermore, even if the BIA had concluded that Velarde-Pacheco was applicable to cases such as this one where an application for status adjustment is based on a parental relationship, that case only held that motions to reopen "may be granted, in the exercise of discretion" but need not be granted "in every case in which the respondent meets all five of the aforementioned factors." Id. at 256. It was, therefore, within the discretion of the BIA to deny Neira's petition even if it had determined that Velarde-Pacheco applied and she satisfied all five factors.[2]

**AFFIRMED.**

---

[2] Although the parties have not addressed the issue, we note that the BIA relied upon our decision in Ugokwe v. U.S. Attorney General, 453 F.3d 1325 (11th Cir. 2006), in rejecting the government's argument that Neira was ineligible for status adjustment because she failed to voluntarily depart within the time granted to her. In Ugokwe, this Court held that "the timely filing of a motion to reopen tolls the period of voluntary departure pending the resolution of the motion to reopen." Id. at 1331.

Since the BIA's decision, however, the Supreme Court has rejected the notion of "automatic tolling of the voluntary departure period during the pendency of the motion to reopen." See Dada v. Mukasey, ___ U.S. ___, ___, 128 S. Ct. 2307, 2318–19 (2008). In Dada, the Supreme Court held that, "to safeguard the right to pursue a motion to reopen for voluntary departure recipients, the alien must be permitted to withdraw, unilaterally, a voluntary departure request before expiration of the departure period, without regard to the underlying merits of the motion to reopen." Id. at ___, 128 S. Ct. at 2319. Because we have already concluded that the BIA did not abuse its discretion by denying Neira's motion on the basis explained above, we need not decide what effect, if any, the Dada decision would have on this case or address the timeliness of Neira's filing of her motion to reopen.