

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-11-2008

# Chileshe v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2869

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Chileshe v. Atty Gen USA" (2008). *2008 Decisions.* Paper 128.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/128

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No.07-2869
_____

FLORENCE MUBANGA CHILESHE,

Petitioner

v.

ALBERTO GONZALES
ATTORNEY GENERAL,

Respondent

_____

Appeal from the Board of Immigration Appeals
File No. A 97 639 882

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
on October 30, 2008

Before: McKEE, NYGAARD, and SILER*  *Circuit Judges*

(Filed: December 11, 2008)

_____

* The Honorable Eugene E. Siler, Jr., Senior Circuit Judge for the United States Court of
Appeals for the Sixth Circuit, sitting by designation.

**OPINION OF THE COURT**

McKEE, <u>Circuit Judge</u>

Florence Mubanga Chileshe petitions for review of the Board of Immigration Appeals' denial of her motion to reopen and remand for adjustment of status and the Immigration Judge's denial of her request for a continuance.  For the reasons that follow,  we will deny the petition.

**I.**

Because we write primarily for the parties, it is not necessary to recite the facts or history of this case except insofar as may be helpful to our brief discussion.

Chileshe argues that the BIA abused its discretion in denying her motion to reopen.  In *Matter of Arthur*, the BIA held that it would not reopen for adjustment of status based on marriage to a United States citizen unless the pending visa petition had already been approved. 20 I. & N. Dec.  475, 479 (BIA 1992).  Thereafter, the BIA modified its position in *Matter of Velarde-Pacheco*,  23 I. & N. Dec. 253, 256 (BIA 2002).  There, the BIA stated that it may grant a motion to reopen for adjustment of status where the visa had not yet been approved if the following factors are established:

> (1) the motion is timely filed; (2) the motion is not numerically barred by the regulations; (3) the motion is not barred by *Matter of Shaar,* 21 I&D Dec. 541 (BIA 1996), or any other procedural grounds; (4) the motion presents clear and convincing evidence indicating a strong likelihood that the respondent's marriage is bona fide; and (5) the Service either does not oppose the motion or bases its opposition solely on *Matter of Arthur*.

*Matter of Velarde-Pacheco*, *supra*.

Here, the BIA denied Chileshe's  motion to reopen because the fifth criterion was not met.  Chileshe argues that the fifth factor was established because the government's opposition

was based solely on *Matter of Arthur.* However, Chileshe's argument ignores the fact that the record establishes that DHS also relied on the timing of her marriage. DHS questioned the legitimacy of the marriage because it occurred after her application for asylum was denied, and while her case was on appeal. DHS explained its opposition in part as follows: "[r]espondent's marriage occurred after her application for asylum was denied and while her case is on appeal. Therefore, the legitimacy of Respondent's marriage is at issue." Opp. To Mot. To Reopen, Jan. 31, 2007.

## II.

Chileshe also claims that the IJ erred in denying a continuance. An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. We review the denial of a motion for a continuance for an abuse of discretion, and reverse only if the decision was arbitrary, irrational or contrary to law. *Tipu v. INS*, 20 F.3d 580, 582 (3d Cir. 1994). Chileshe requested the continuance so that she could provide further assistance to the government's fraud investigation. However, DHS had clearly indicated that it no longer needed Chileshe's cooperation in that investigation.

Chileshe also argues that the IJ's decision was arbitrary, because she granted the first motion for continuance but denied the second motion for continuance that was requested "under the same circumstances." Chieshe Br. At 22. We disagree. The first motion for a continuance was granted because DHS needed Chileshe's cooperation. When Chieshe made her second motion for a continuance her cooperation was no longer needed. Therefore, the denial of Chileshe's motion for a continuance was not arbitrary.

Chileshe claims that the IJ violated her Due Process right by failing to give adequate time

3

to respond to the government's written opposition. Her argument ignores the fact that she was given the opportunity to respond orally and never requested a continuance to respond in writing. Moreover, Chileshe's argument fails because she did not object to making an oral response.

The IJ's denial was therefore neither arbitrary nor a denial of Chileshe's due process.