**Hatem El OZEIRY, a/k/a Jatim El Ozeiry, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 09–3828.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Oct. 6, 2010.

Opinion filed: Oct. 7, 2010.

Laurence L. Smith, Esq., Simon & Smith, Media, PA, for Petitioner.

Catherine B. Bye, Esq., Douglas E. Ginsburg, Esq., Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Glen T. Jaeger, Esq., United States Department of Justice, Office of Immigration Litigation, Civil Division, Washington, DC, for Respondent.

Before: BARRY, GREENAWAY, JR. and STAPLETON, Circuit Judges.

### OPINION

PER CURIAM.

Hatem El Ozeiry petitions for review of two decisions of the Board of Immigration Appeals ("BIA"). We will deny the first petition and dismiss the second for lack of jurisdiction.

Petitioner is a citizen of Egypt. He entered the United States as a visitor, and stayed longer than permitted. He applied for withholding of removal and protection under the Convention Against Torture, but after a hearing before an Immigration Judge, relief was denied. The BIA denied his appeal on December 26, 2007. Petitioner filed a timely motion to reopen, seeking to adjust status based on his marriage to a United States citizen, April Hampton. The Government filed a non-opposition to the motion to reopen, but the BIA denied the motion on June 26, 2008. Petitioner filed a timely petition for review of that decision, which was docketed at C.A. No. 08–3189.

On July 7, 2009, Petitioner filed a second motion to reopen with the BIA. The BIA denied the second motion on August 31, 2009, and Petitioner filed a timely petition for review, which was docketed at 09–3828.

*08–3189—First Motion to Reopen*

"[W]hen the Board ... denies reopening on prima facie case grounds, the ultimate decision should be reviewed for an abuse of discretion, while findings of fact should be reviewed for substantial evidence." *Sevoian v. Ashcroft,* 290 F.3d 166, 174 (3d Cir.2002). The BIA abuses its discretion only where the ultimate decision is arbitrary, irrational, or contrary to law. *Tipu v. INS,* 20 F.3d 580, 582 (3d Cir.1994).

■ The BIA here denied Petitioner's first motion to reopen because he had not established prima facie eligibility for adjustment of status pursuant to *Matter of Velarde,* 23 I. & N. Dec. 253 (BIA 2002). Pursuant to that case:

> [A] properly filed motion to reopen may be granted, in the exercise of discretion, to provide an alien an opportunity to pursue an application for adjustment where the following factors are present: (1) the motion is timely filed; (2) the motion is not numerically barred by the regulations; (3) the motion is not barred by *Matter of Shaar* [21 I. & N. Dec. 541

(BIA 1996) ] ... or on any other procedural grounds; (4) the motion presents clear and convincing evidence indicating a strong likelihood that the respondent's marriage is bona fide; and (5) the Service either does not oppose the motion or bases its opposition solely on *Matter of Arthur* [20 I. & N. Dec. 475 (BIA 1992) ].

*Id.* at 256. Here, the only factor at issue was the fourth. The BIA found that Petitioner had failed to provide clear and convincing evidence that his marriage was bona fide; in particular, he failed to show the commingling of financial resources. A.R. 27.[1]

As the Government notes in its brief, even though Petitioner produced a joint lease, a joint bank account statement, and two repair invoices, none of those pieces of evidence shows a commingling of assets. The lease is co-signed by Petitioner's wife, but there is no evidence that she contributes in any way to rent. While the bank statement lists the names of both April A. Hampton and Hatem A. El Ozeiry, it shows a zero balance, and warns that if the "account remains at a zero balance for two entire statement cycles with no activity, it will be closed." A.R. 68. The repair invoices have the name "April Ozeiry" on the top, but, as the Government notes, the first shows no charges, and the second, with a charge of $116.55, was signed by Petitioner, and not by his wife. A.R. 41–42. The BIA's factual finding of a lack of evidence showing commingling of funds is supported by the record. The BIA's ultimate decision to deny the motion to reopen is not arbitrary or capricious, given the failure to provide evidence that the couple has commingled finances, and given the dearth of other evidence showing the bona fides of their marriage.[2] We will thus deny the petition for review of the decision denying the first motion to reopen.

*09–3828—Second Motion to Reopen*

█ Petitioner filed a second motion to reopen, because his wife's Petition for Alien Relative (I–130), filed on his behalf, had been approved on April 16, 2009. Petitioner recognized that the motion was untimely, but filed it with the hope that the Government would join the motion to reopen, or that the BIA would exercise its *sua sponte* power to reopen. The Government indicated that it was opposed to the motion. A.R. 7–8. The BIA denied the motion, noting that it was both time and number-barred. The BIA noted that Petitioner was the beneficiary of an approved I–130, but stated that his motion did "not fall within any exception to the statutory limits imposed on motions to reopen." The BIA also stated that Petitioner had "not demonstrated an exceptional situation that would warrant the exercise of our discretionary authority to reopen proceedings *sua sponte.*" A.R. 3.

In his brief here, Petitioner does not challenge the BIA's decision to the extent that it found his motion to reopen time and number-barred. Instead, he argues only that the BIA should have exercised its *sua sponte* authority to reopen. However, we lack jurisdiction to review the Board's decision not to exercise its *sua sponte* au-

---

1. Regulations list evidence that may be provided to establish that a marriage is bona fide, including evidence that shows the commingling of financial resources. 8 C.F.R. § 204.2(a)(1)(i)(B). The BIA's citation in its decision to 8 C.F.R. § 1204.2(a)(1)(iii)(B) appears to be a typographical error.

References to "A.R." are to the administrative record filed in 09–3828.

2. For example, an affidavit from a friend states that he knows Petitioner and his wife, and would be willing to testify concerning their relationship, but says nothing about that relationship. A.R. 44. The photographs provided, purporting to show a Thanksgiving celebration, are uncaptioned and undated, and do not materially advance Petitioner's claim to a bona fide relationship with his wife.

thority to reopen proceedings. *See Cruz v. U.S. Attorney Gen.,* 452 F.3d 240, 249 (3d Cir.2006); *Calle–Vujiles v. Ashcroft,* 320 F.3d 472, 475 (3d Cir.2003). In his reply brief, Petitioner argues that following the Supreme Court's decision in *Kucana v. Holder,* —— U.S. ——, 130 S.Ct. 827, 839, 175 L.Ed.2d 694 (2010), we have jurisdiction to review the BIA's decision not to reopen *sua sponte,* because the Attorney General's authority to reopen *sua sponte* comes through a regulation and not a statute.[3] However, in *Kucana,* the Supreme Court expressly reserved opinion "on whether federal courts may review the Board's decision not to reopen removal proceedings *sua sponte,*" and noted that eleven courts had found such a decision "unreviewable because *sua sponte* reopening is committed to agency discretion by law." 130 S.Ct. at 839 n. 18. Because the Supreme Court has reserved judgment on the issue, our prior cases do not currently conflict with any Supreme Court law. We are thus bound to follow our prior cases. Internal Operating Procedures, 9.1; *United States v. Tann,* 577 F.3d 533, 541 (3d Cir.2009). We therefore hold that we lack jurisdiction to review the BIA's decision not to exercise its *sua sponte* authority to reopen Petitioner's proceedings, and we will thus dismiss the second petition for review.

For the foregoing reasons, we will deny the first petition for review and dismiss the second.

---

**3.** In *Kucana,* the Supreme Court held that 8 U.S.C. § 1252(a)(2)(B)(ii), which bars courts from reviewing "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title," does not bar courts from reviewing the denial of a timely motion to reopen, as the Attorney General's discretionary authority to deny a timely motion to reopen comes through regulation rather than statute, and is thus not "specified under" the statutory subchapter.