RAWLINSON, Circuit Judge,
dissenting:
I respectfully dissent. We review for abuse of discretion a decision of the Board of Immigration Appeals denying a motion to reopen. See Singh v. Holder, 658 F.3d 879, 885 (9th Cir.2011). The BIA abuses its discretion only if it renders a decision that is “arbitrary, irrational or contrary to law....” Id. (citation omitted).
When a motion to reopen is premised on a claim of ineffective assistance of counsel, the claim has merit only to the extent that a due process violation occurred, namely that “the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case.... ” Mohammed v. Gonzales, 400 F.3d 785, 793 (9th Cir.2005) (citation omitted).
In 2005, when the BIA was considering Juan Huerta’s removal, no case existed holding that a conviction under CaLPenal Code § 12034(b) was not a crime involving moral turpitude. As a result, no violation of due process resulted from counsel’s fail *175 ure to appeal a ruling that was not contrary to any existing precedent.
Neither was counsel ineffective for electing not to move to reopen the case following Huerta’s marriage to a United States citizen. Reopening was within the BIA’s discretion, and Huerta would have to overcome the presumption against the bona fides of a marriage entered into while removal proceedings are pending. See In re Arthur, 20 I. & N. Dec. 475, 478-79 (B.I.A. 1992), modified on other ground by In re Velarde-Pacheco, 28 I & N Dec. 253 (B.I.A.2002); see also Malilia v. Holder, 632 F.3d 598, 605 (9th Cir.2011) (relying on In re Arthur). Facing these two obstacles, counsel could conclude, without being constitutionally ineffective, that a motion to reopen should not be filed. See Smith v. Robbins, 528 U.S. 259, 288, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000) (citing Gray v. Greer, 800 F.2d 644, 646 (7th Cir.1986) for the proposition that “[gjenerally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome”).
Because I do not agree that counsel was ineffective, I would hold that the BIA acted within its discretion when it denied Huerta’s motion to reopen. I would deny Huerta’s petition.