**ZAO SUN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 07–5340–ag.

United States Court of Appeals, Second Circuit.

Sept. 16, 2008.

John Z. Zhang, New York City, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Richard M. Evans, Assistant Director; Virginia Lum, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSEPH M. McLAUGHLIN and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Zao Sun, a native and citizen of the People's Republic of China, seeks review of the November 2, 2007 order of the BIA affirming the February 27, 2007 decision of Immigration Judge ("IJ") Paul A. DeFonzo, which denied her motion to reopen. *In re Zao Sun,* No. A95 479 008 (B.I.A. Nov. 2, 2007), *aff'g* No. A95 479 008 (Immig. Ct. N.Y. City Feb. 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). In reviewing the agency's denial of a motion to reopen, we have remained mindful of the Supreme Court's admonition that such motions are "disfavored." *See INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). We review the agency's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

We find that the agency did not abuse its discretion in denying Sun's motion to reopen pursuant to *Matter of Velarde–Pacheco,* 23 I. & N. Dec. 253 (B.I.A.2002). In *Matter of Velarde–Pacheco,* the BIA held that a motion to reopen may be granted to allow an alien the opportunity to apply for adjustment of status where the following factors have been met:

(1) the motion is timely filed; (2) the motion is not numerically barred by the regulations; (3) the motion is not barred by *Matter of Shaar,* 21 I. & N. Dec. 541 (B.I.A.1996), or on any other procedural grounds; (4) the motion presents clear and convincing evidence indicating a strong likelihood that the respondent's marriage is bona fide; and (5) the Service either does not oppose the motion or bases its opposition solely on *Matter of Arthur,* [20 I. & N. Dec. 475 (BIA 1992) ].

*Matter of Velarde–Pacheco,* 23 I. & N. Dec. at 256. Regarding the first factor, the agency's regulations require an alien seeking to reopen proceedings before the IJ to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 C.F.R. § 1003.23(b). Here, there is no dispute that Sun failed to satisfy the first requirement announced in *Matter of Ve-*

*larde–Pacheco* where her January 2007 motion was filed more than one year after the IJ issued the final administrative decision in her proceedings.

However, the time limitation for filing a motion to reopen before the IJ does "not apply if the basis of the motion is to apply for asylum[, withholding of removal, or CAT relief], and is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered." 8 C.F.R. § 1003.24. Contrary to Sun's assertion, her marriage to a U.S. citizen and the birth of her U.S. citizen child do not satisfy this exception to the time limitation. *See Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005) (finding that the birth of U.S. citizen children constitutes a change in personal circumstances, not a change in country conditions, and therefore does not establish an exception to the filing deadline for motions to reopen). Moreover, the changed country conditions exception to the time limitation applies only to motions where the applicant seeks to apply for asylum, withholding of removal, or CAT relief, and not to those where the movant, like Sun, seeks to apply for an adjustment of status. 8 C.F.R. § 1003.24.

As the agency properly found that Sun failed to demonstrate that an exception to the time limitation was applicable in her case, it did not abuse its discretion in denying her motion to reopen as untimely pursuant to *Matter of Velarde–Pacheco*. *See Ke Zhen Zhao,* 265 F.3d at 93. Because the agency did not abuse its discretion in denying Sun's motion to reopen as untimely, we need not address her argument that the agency erred in denying her motion based on the government's opposition to her motion. *Cf. Melnitsenko v. Mukasey,* 517 F.3d 42, 52 (2d Cir.2008) (holding that "the BIA may not deny [a] motion based solely on the *fact* of the DHS's objection[, and] if the BIA denies a motion to reopen based on the *merits* of the DHS's objection, the BIA must provide adequate reasoning as to why the objection calls for denial of the motion to reopen").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).