**Baljinder Kaur DHILLON, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

**No. 08–4497.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) July 6, 2009.

Opinion filed: July 7, 2009.

---

Baljinder Kaur Dhillon, Millville, NJ, pro se.

Aric A. Anderson, Esq., Steven F. Day, Esq., Thomas W. Hussey, Esq., Michael B. Mukasey, Emily A. Radford, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: McKEE, HARDIMAN and COWEN, Circuit Judges.

## OPINION

PER CURIAM.

Petitioner Baljinder Kaur Dhillon, a native and citizen of India, entered the United States without inspection on September 30, 1996. She is removable under former Immigration & Nationality Act ("INA") § 241(a)(1)(B) for having entered without inspection.[1] Dhillon applied for asylum and statutory withholding of removal, and her merits hearing was continued on several occasions. Finally, on December 20, 1999, the hearing took place. Dhillon claimed that she was detained by government authorities because of her brother's Sikh activism, and, while in detention on one occasion, brutally raped. The IJ admitted documentary evidence, including a United States Department of State report on country conditions in India, and Dhillon's general documentary

---

1. Deportation proceedings were commenced in Dhillon's case prior to April 1, 1997, the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"). Dhillon was charged under former INA § 241 through an Order to Show Cause.

evidence on the treatment of Sikhs in the Punjab region. At the merits hearing in 1999, Dhillon's counsel stated that she was seeking asylum, withholding of deportation under the INA, and protection under the Convention Against Torture. A.R. 124–25. These applications were denied. The IJ did not find Dhillon's testimony credible and faulted her for failing to corroborate her testimony with respect to her brother's political activities. Dhillon's application for voluntary departure was granted, and, in the alternative, she was ordered removed to India. The Board of Immigration Appeals dismissed her appeal on March 29, 2002, and gave her thirty days to voluntarily depart. Dhillon did not petition for review of this decision.

On July 1, 2008, six years later, Dhillon filed a motion to reopen with the Board "for the following reasons: changed circumstances which form the basis of the attached I589 and her ability to adjust based on her approved and current I–130." A.R. 11. Dhillon married a legal permanent resident in November of 1999. The couple have two United States citizen children. Dhillon stated in her motion to reopen that her husband, Manpreet Singh, filed a relative petition on her behalf prior to the sunset date of INA § 245(i), April 30, 2001. See 8 U.S.C. § 1255. In addition, her husband previously was granted asylum as a persecuted former member of the All India Sikh Students Federation. Dhillon contended that she is thus now a member of a particular social group entitled to protection, that is, a visible family member of an asylee. In support of her assertion of a well-founded fear of persecution, Dhillon submitted some country conditions evidence with her motion to reopen.

On October 23, 2008, the Board of Immigration Appeals denied the motion to reopen as untimely because it was not filed within the required 90 days, see 8 C.F.R.

§ 1003.2(c)(2). The Board considered whether the changed country conditions exception to the timeliness requirement applied in Dhillon's case, id. at 1003.2(c)(3)(ii), and concluded that it did not because she failed to show materially changed conditions in India relevant to either her previous or new claims regarding asylum, 8 U.S.C. § 1158(a), and statutory withholding of removal, 8 U.S.C. § 1231(b)(3). In addition, the Board concluded that Dhillon had failed to make a prima facie showing that she would more likely than not be tortured by or with the acquiescence or willful blindness of Indian authorities so as to warrant reopening for consideration of a new claim to protection under the CAT.

Turning to her adjustment of status argument, but including also Dhillon's other requests for relief as they might present an equitable exception to the timeliness rule, the Board declined to exercise its sua sponte authority to reopen proceedings, 8 C.F.R. § 1003.2(a). In pertinent part, the Board concluded that Dhillon had not been diligent in pursuing legal status insofar as she waited until 2008 to seek reopening on the basis of a 1999 marriage and 2001 visa petition. In addition, the Department of Homeland Security had not joined in the motion to reopen. The Board faulted Dhillon for, among other things, failing to voluntarily depart when she was required to, and failing to exercise diligence in pursuing lawful status, waiting until 2008 to pursue a motion to reopen based on a 1999 marriage.

Dhillon has timely petitioned for review. We previously denied her motion for a stay of removal. Our review is limited to the Board's October 23, 2008 decision denying the motion to reopen, 8 U.S.C. § 1252(a)(1). See also Cruz v. Att'y Gen. of U.S., 452 F.3d 240, 246 (3d Cir.2006) (denial of motion to reopen is itself a final

order of removal). We lack jurisdiction to review the Board's March 29, 2002 decision dismissing her appeal of the IJ's denial of her application for asylum, statutory withholding of removal and CAT protection, because she did not timely file a petition for review of this decision, *see* IIRIRA § 309(c)(4)(C) (transitional rules provide for thirty day deadline to file petition for review).

We review the Board's denial of a motion to reopen for abuse of discretion only. *Immigration & Naturalization Serv. v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). Under this standard, we will reverse only if the Board's decision is arbitrary, irrational, or contrary to law. *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir.2002). The Board's jurisdiction arose under 8 C.F.R. § 1003.2(a), which grants it jurisdiction to adjudicate motions regarding matters which it has previously considered. The decision whether to grant a timely motion to reopen is committed to the Board's discretion. *Id.* Such motions generally shall be filed within 90 days of the order sought to be reopened. *Id.* at § 1003.2(c)(2)-(3). Dhillon's motion to reopen was late by many years. This undisputed fact brings to an end our consideration of the changed circumstances and adjustment of status issues raised in her motion unless she can establish that an exception to the timeliness rule applies.

One such exception pertinent to Dhillon's case provides that an alien may reapply for asylum or statutory withholding of removal based on changed circumstances in the alien's home country. Pursuant to 8 C.F.R. § 1003.2(c)(3)(ii), the time and number limitations on motions to reopen do not apply where the applicant seeks to apply for asylum "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."

█ We have carefully reviewed the evidence of record and we agree with the Board that Dhillon submitted no persuasive evidence of changed country conditions in India relative to Sikhs. The Board's determination that the changed country conditions exception did not apply in Dhillon's case was not an abuse of discretion. Dhillon's documentary evidence of country conditions showed some continued arrests and detentions of Sikh political officials who called for a separate Sikh state, but it did not show that conditions for Sikhs in the Punjab had deteriorated since her hearing, nor did it show any targeting or persecution of non-political individuals like Dhillon whose fear of persecution is based on marriage to an asylee. In her brief, Dhillon contends that the Board did not specifically discuss her evidence, but we are satisfied that the Board fully considered her evidence and arguments. None of the items referred to, *see* Petitioner's Informal Brief, at 3, required extensive discussion because none of them established changed conditions in India relevant to her claims.[2]

We note that, in addition to the information she did present, Dhillon's motion stat-

---

2. Those items include: Canadian Country of Origin Information/RIR, "The situation of members, supporters and activists of Akali Dal (Mann)," December 2005, which concerns the Sikh political leader and his party, A.R. 401–06; "Human Rights Watch Report–India, 2008, which discusses the lack of progress in bringing to justice those who were responsible for the deaths of Sikhs in the Punjab in the 1980s, A.R. 382; and "Custodial Deaths on the Rise in Punjab," The Tribune, December 2004, which does not address Sikhs at all, A.R. 412–13.

ed that certain information was attached, which, in fact, was not attached, and, therefore, cannot be considered. The Board's regulations require motions to reopen to be supported by "affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). The evidence must be provided with the motion and not merely alluded to by the movant. And contrary to Dhillon's assertion in her brief on appeal, a CAT claim was considered by the IJ along with her original asylum application, and decided against her under the appropriate standard. Although there was no mechanism for her to seek protection under the CAT at the commencement of deportation proceedings, the CAT regulations became effective on March 22, 1999 and thus prior to her merits hearing, *see Regulations Concerning the Convention Against Torture*, 64 Fed. Reg. 8478–01 (Feb. 19, 1999). Her counsel affirmatively sought protection under the CAT at the hearing in December of 1999, and the IJ specifically considered and denied that request. As such, Dhillon's reliance on *Filja v. Gonzales*, 447 F.3d 241, 256–57 (3d Cir.2006)— in which we allowed an alien to file a motion to reopen to seek CAT relief where the regulations became effective after the decision of an immigration judge and while an appeal to the Board was pending—is misplaced.

■ In addition to the time bar, the Board is permitted to deny a motion to reopen when the petitioner has "failed to establish a prima facie case for the relief sought." *Sevoian*, 290 F.3d at 169. In order to establish a prima facie case for protection under the CAT regulations, Dhillon would have to establish that it was more likely than not that she would be tortured by or with the acquiescence of governmental authorities. 8 C.F.R. §§ 1208.16(c) & 1208.18. Dhillon's claim was based on an allegation that she and her husband would be interrogated and detained upon returning to India, but there is no support for this proposition in her documentary evidence. Although her documentary evidence included some allegations of torture, none of it supported the assertion that she likely would be jailed, or that the Indian police tortured individuals in her position. *Sevoian*, 290 F.3d at 176 ("anecdotes ... supply no basis for concluding that" alien would be subject to torture "employed on enemies of the regime").

Finally, with respect to Dhillon's adjustment of status claim, the regulations do not provide an exception for the time limits on filing motions to reopen on account of the ability to adjust status. One of the requirements set forth in *Matter of Velarde-Pacheco*, 23 I. & N. Dec. 253 (BIA 2002), is a timely filed motion to reopen. A motion to reopen based on a relative petition may be granted where these conditions are met:

> [A] properly filed motion to reopen may be granted, in the exercise of discretion, to provide an alien an opportunity to pursue an application for adjustment where the following factors are present: (1) the motion is timely filed; (2) the motion is not numerically barred by the regulations; (3) the motion is not barred by *Matter of Shaar* [21 I. & N. Dec. 541 (BIA 1996) ] ... or on any other procedural grounds; (4) the motion presents clear and convincing evidence indicating a strong likelihood that the respondent's marriage is bona fide; and (5) the Service either does not oppose the motion or bases its opposition solely on *Matter of Arthur* [20 I. & N. Dec. 475 (BIA 1992) ].

*Id.* at 256. The Board, as it noted, possesses the power to reopen proceedings

sua sponte, 8 C.F.R. § 1003.2(a), but the Board's decision not to exercise its sua sponte authority to reopen proceedings is unreviewable. *See Cruz v. U.S. Attorney Gen.,* 452 F.3d 240, 249 (3d Cir.2006); *Calle–Vujiles v. Ashcroft,* 320 F.3d 472, 475 (3d Cir.2003).[3]

We will deny the petition for review.

---

**3.** Even if it was reviewable, and we do not conclude that it was, the Board's conclusion that Dhillon was not diligent in pursuing lawful status finds ample support in the record.