**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1953
_____

BALJINDER KAUR DHILLON,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A075-260-596)
Immigration Judge:  Honorable Annie Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 21, 2011

Before:  FUENTES, GREENAWAY, JR., and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 22, 2011)
_____

OPINION
_____

PER CURIAM

Petitioner Baljinder Kaur Dhillon petitions for review of the Board of Immigration

Appeals' ("BIA") March 11, 2010 order denying her second motion to reopen

1

administrative proceedings. For the following reasons, the petition for review will be denied.

I.

Dhillon is a native and citizen of India who entered the United States without inspection in 1996. In 1999, an Immigration Judge ("IJ") denied Dhillon's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), but granted her voluntary departure. Dhillon, through counsel, filed a Notice of Appeal and represented that a separate brief would be filed in support of her appeal. Counsel did not file a brief within the time set for filing. Consequently, on March 29, 2002, the BIA summarily dismissed the appeal. The BIA also affirmed the IJ's grant of voluntary departure, and ordered Dhillon to depart the United States no later than April 28, 2002. Dhillon did not file a petition for review of the BIA's March 29, 2002 decision.

Dhillon did not depart the United States as ordered. In 2008, through the same attorney that had represented her during her removal proceedings and unsuccessful administrative appeal, Dhillon filed a motion to reopen proceedings.[1] On October 23, 2008, the BIA denied the motion to reopen as untimely because it was not filed within the ninety days required by 8 C.F.R. § 1003.2(c)(2). The Board also considered whether the changed country conditions exception to the timeliness requirement applied in Dhillon's

---

[1] In her motion to reopen, Dhillon claimed that she was eligible to adjust status based on her 1999 marriage to a lawful permanent resident of the United States and her pending Petition for Alien Relative (Form I-130). She also claimed that she was eligible to reapply for asylum based on changed conditions in India.

2

case, see 8 C.F.R. § 1003.2(c)(3)(ii), and concluded that it did not. On July 7, 2009, we denied Dhillon's petition for review from the Board's October 23, 2008 decision. See Dhillon v. Att'y Gen., 335 F. App'x 262, 266 (3d Cir. July 7, 2009) (nonprecedential opinion).

Dhillon then consulted a second attorney, who filed a second motion to reopen on her behalf on August 26, 2009. In that motion, Dhillon argued that equitable tolling was warranted due to the ineffective assistance of her previous counsel. Specifically, Dhillon claimed that prior counsel had failed to file an appellate brief with the BIA despite promising to do so, resulting in the summary dismissal of her appeal. She also claims that her prior attorney failed to timely inform her that her appeal had been denied, such that she lost her opportunity to file a petition for review from that decision in 2002. She also alleges that her prior counsel gave her misinformation regarding her ability to adjust status based on her marriage to a legal permanent resident who had not yet naturalized as a United States citizen.

On March 11, 2010, the BIA denied Dhillon's motion as time and number barred under 8 C.F.R. § 1003.2(c)(2). Because Dhillon raised an ineffectiveness claim, the BIA considered whether Dhillon's case warranted equitable tolling, but found that she had not demonstrated the requisite due diligence in pursuit of her claims. See, e.g., Mahmood v. Gonzales, 427 F.3d 248, 251-52 (3d Cir. 2005). In pertinent part, the BIA found that Dhillon should have been on notice of her ineffectiveness claim as soon as she received the BIA's October 23, 2008 decision (denying her first motion to reopen), which was sent

3

directly to Dhillon, and which referenced the March 29, 2002 decision dismissing her appeal. Because Dhillon did not file her second motion to reopen until ten months later, the BIA concluded that she had not acted with the required diligence. The BIA also found that Dhillon had not complied with the requirements for raising an ineffective assistance claim set forth in In re Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988). The BIA further found no basis under 8 C.F.R. § 1003.2(a) to reopen the matter sua sponte.

Before us now is Dhillon's petition for review of the BIA's March 11, 2010 order denying her second motion to reopen.

## II.

We review the BIA's denial of a motion to reopen for an abuse of discretion. See Ying Liu v. Att'y Gen., 555 F.3d 145, 148 (3d Cir. 2009); Fadiga v. Att'y Gen., 488 F.3d 142, 153 (3d Cir. 2007). Such review is "highly deferential" to the BIA. Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). The BIA's denial of a motion to reopen will be upheld unless the decision is "arbitrary, irrational, or contrary to law." Rranci v. Att'y Gen., 540 F.3d 165, 171 (3d Cir. 2008) (citations omitted). However, the determination of an underlying procedural due process claim, such as a claim for ineffective assistance of counsel, is reviewed de novo. Fadiga, 488 F.3d at 153-54.

We lack jurisdiction to review the BIA's decision not to reopen proceedings sua sponte. See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003) ("[T]he BIA retains unfettered discretion to decline to sua sponte reopen or reconsider a deportation proceeding.").

4

III.

An alien generally may file only one motion to reopen proceedings, and that motion must be filed no later than ninety days after the date of the final administrative decision in the proceeding sought to be opened. 8 C.F.R. § 1003.2(c)(2); see also Shardar v. Att'y Gen., 503 F.3d 308, 313 (3d Cir. 2007). In this case, the BIA correctly determined that Dhillon's motion was numerically barred because she had previously filed a motion to reopen on July 1, 2008. In addition, the BIA correctly concluded that Dhillon's second motion to reopen was untimely. The final order affirming the denial of Dhillon's application for asylum was entered by the BIA on March 29, 2002. Dhillon did not file her second motion to reopen until August 26, 2009, more than ninety days later.

The BIA correctly noted that ineffective assistance of counsel claim can provide a basis for equitable tolling of the time to file a motion to reopen. Mahmood v. Gonzales, 427 F.3d 248, 250 (3d Cir. 2005). Proceeding on a motion to reopen based on an ineffective assistance of counsel claim requires that the petitioner demonstrate that she suffered prejudice as a result of her attorney's deficient representation, and that she diligently pursued her claims. Id. In this case, the BIA found that Dhillon had not pursued her claims with the requisite due diligence because she waited ten months after the BIA denied her first motion to reopen before filing her second motion to reopen alleging ineffective assistance. Dhillon argues that the BIA's October 23, 2008 opinion denying her first motion to reopen was insufficient to put her on notice of her ineffective assistance claim because it did not reference the March 29, 2002 decision dismissing her

5

appeal, and that she did not learn of her prior attorney's ineffective assistance until she consulted a new attorney in July 2009. Contrary to Dhillon's assertions, however, the first sentence of the October 23, 2008 opinion references the dismissal of Dhillon's appeal from the IJ's decision below. Dhillon argues that this reference was insufficient to put a lay person, like herself, on notice that her appeal had been dismissed. Although we have recognized that an alien's status as a foreigner may make it more difficult to "negotiate[e] the shoals of American law," Mahmood, 427 F.3d at 253, Dhillon had several prior interactions with the agency having been in and out of immigration proceedings since 1997.[2] Dhillon has not shown that she was in some extraordinary way prevented from asserting her rights, or that the BIA otherwise abused its discretion in concluding that a ten-month delay was not diligent. Id.

Even if Dhillon could show due diligence, the BIA correctly determined that her ineffective claim did not satisfy the procedural requirements set forth by the BIA in In re Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988). Under Lozada, a petitioner bringing an ineffective assistance of counsel claim must: (1) support her claim with an affidavit attesting to the relevant facts; (2) inform former counsel of the allegations and provide counsel with an opportunity to respond; and (3) state whether a complaint has been filed with appropriate disciplinary authorities regarding the allegedly deficient representation, and if not, why not. 19 I. & N. Dec. at 639. In this case, the BIA reasonably concluded that Dhillon failed to comply with these requirements. Dhillon's affidavit lists the

---

[2] Dhillon filed her first asylum application in 1997. Following an interview with an asylum officer, the case was referred to an immigration judge, and finally

proceedings in which her prior attorney represented her and states the basis for her ineffectiveness claim; it does not set forth in detail her agreement with former counsel. In addition, while her affidavit "authorizes" the BIA to file a bar complaint against counsel, Dhillon herself does not appear to have filed a bar complaint, nor did she provide a reason for failing to do so. The BIA's determination that Dhillon failed to comply with the Lozada requirements was not arbitrary or contrary to law.

We lack jurisdiction to review the BIA's discretionary decision not to take sua sponte action on Dhillon's motion to reopen pursuant to 8 C.F.R. § 1003.2(a). Calle-Vujiles, 320 F.3d at 475.

IV.

Based on the foregoing, we will deny the petition for review.

---

adjudicated following an immigration hearing in 1999.